# Board of Revenue of Montgomery County *v.* Montgomery Gas-Light Company.

*Certiorari to County Board of Revenue, in matter of Taxes Assessed against Private Corporation.*

1. *Tax laws construed, as to double taxation.*—In view of the legislative policy disclosed by the statutes of this State, not to subject the same property to double taxation, the courts will not so construe a statute as to impose a double tax, unless such construction is required by the express words of the statute, or by necessary implication; but, where a mass of property, subject to taxation, is covered by a general clause in the statute, while it falls partly within and partly without the terms of a special clause, effect will be given to each clause, by holding the general clause applicable only to that portion which does not fall within the special clause; thus avoiding a double tax as to any part of the property, and yet not allowing any to entirely escape taxation.

2. *Tax on incomes, salaries, etc.*—For the general purposes of assessment, the tax year begins on the first day of January in each year, and the owner of property, real or personal, must return for assessment what he owns on that day; but the tax on salaries, income, gains, etc., is required to be given in, assessed and paid, the year after they accrue; thus apparently, though not actually, paying double taxes on the same property in one and the same year.

3. *Dividends in private corporation; against whom assessed.*—Dividends on the stock of a private corporation, or joint stock company regularly incorporated, when earned, declared, and paid out to stockholders, during the current year, become the income and gains of the respective stockholders to whom they are so paid, and are liable to assessment against them the next year; and being thus liable, they should not be assessed also against the corporation: dividends declared, or earned, but not divided, are, by the express words of the statute (Code, § 369, subdivision 6), to be assessed against the corporation.

4. *Same.*—Under the revenue law of March 19, 1875, gas-companies and other corporations named are required to return for assessment, each year, their gains and incomes during the preceding year; that is, gross receipts during the year, after deducting the expenses of carrying on the business.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN A. MINNIS.

[Board of Revenue v. Gas Light Co,]

The record in this case shows that, on the 16th March, 1878, the Montgomery Gas-Light Company, a corporation organized and doing business in the city of Montgomery, under the provisions of a charter, or act of the General Assembly, approved February 15, 1854, filed its petition, addressed to the presiding judge of said court, asking a writ of *certiorari*, to remove into said court, for revision, certain proceedings then lately had by and before the Board of Revenue of said county, in the matter of the assessment of taxes against the petitioners for "escaped taxes" during the years 1867, 1868, 1869, 1871, 1875, and 1876. The proceedings had before the Board of Revenue were shown by a bill of exceptions, reserved by the petitioner, and signed by the presiding officer of the board, which was made an exhibit to the petition, and which thus states the facts.

"In the matter of the petition and application of the Montgomery Gas-Light Company to vacate and set aside certain assessments for 'escaped taxes,' made by Geo. W. Sewell, late tax-assessor of said county : Be it remembered, that when this matter came on to be heard, the lists of assessments made by said Sewell, as tax-assessor, were produced, and were before the Board of Revenue ; and are hereunto annexed as a part of this bill of exceptions, marked 'Exhibit A.' These assessments were, from said lists, entered on the book of assessments for the year 1877; and correct copies of said entries, marked 'Exhibit B,' are also hereunto annexed as a part of this bill of exceptions. Thereupon, the said Montgomery Gas-Light Company moved to ' set aside and vacate each of said assessments, on the following grounds : 1st, that it does not appear from said lists, or any of them, nor from said entries, that said Sewell had any power, authority, or jurisdiction, to make said assessments ; 2d, that said assessments are not signed, certified, or authenticated, by any officer who had power or authority to make said assessments, as required by the statute : 3d, that each of said assessments is void upon its face. There are no other entries in said book, relating to said assessments, or any of them, except those shown by said exhibit. The Board of Revenue overruled said motion, and refused to vacate said assessments, or any of them ; to which action and decision the said Montgomery Gas-Light Company excepted.

"The company then moved the board to vacate and set aside each of said assessments, on the ground that each of them was made without any notice thereof previously given to said company, or any of its officers or agents ; and on the further ground, that each of said assessments was made without any previous demand upon said company, or any of its

officers or agents. On this motion, it was admitted that, in each of said years, and in the first part of the year, before beginning his regular assessments for such tax year, the assessor gave notice of his sittings, by publication and posting at public places, as required by law ; and that in each of said years, whilst he was holding his regular sittings as thus published, and engaged in making his regular assessments, the said company listed and assessed for taxation all its taxable property in and for each of said years, and paid the taxes thereon, but was not assessed in any year on 'Annual gains, profits, or income.' The company offered to prove, in support of its motion, that no notice whatever was given to said company, or to any of its officers or agents, that any of said assessments would or were about to be made, or that said assessor had discovered any property of said company which it was claimed or alleged had escaped taxation in any of said years ; and that each of said assessments was made without any notice thereof given, or any demands made upon said company, or any of its officers or agents, other than the notice before the regular assessments were commenced, as hereinbefore stated, was admitted. The board refused to permit the company to make said proof, or introduce said evidence, and decided that no further notice was necessary ; to which rulings and decisions, and each one thereof, the said company excepted. The board thereupon overruled said motion, and the company excepted. The board thereupon decided that said assessments were *prima facie* correct, and that the burden of proof was on the said company to show that they were erroneous ; to which ruling and decision, also, the company excepted.

" The company then proved that, during each of the years 1867, 1868, 1869, 1871, 1875, and 1876, the company listed for taxation its real and personal property, the same being the property in which its entire capital stock was invested, and was assessed for taxation, and paid taxes thereon ; that its entire earnings and profits, which were derived from no other sources than the receipts from its gas-works, were as follows : during the year 1866, $12,000 ; during the year 1867, $13,200 ; during the year 1868, $7,200 ; during the year 1870, $9,500 ; during the year 1874, $15,000 ; and during the year 1875, $6,998 ; also, that in July, 1866, one-half of said earnings and profits for the year 1866 were divided and paid to the stockholders, as dividends for the preceding six months of said year, and the balance of said earnings and profits was divided and paid to them, as dividends, before the day fixed by law on which the assessor was to commence the assessments for the year 1867 ; and that one half of the said

earnings and profits made in each of the years 1867, 1868, 1870, 1871, and 1875, was divided and paid to the stockholders, in July of the year in which the same was made, as dividends, and the balance was divided and paid to them, as dividends, before the day fixed by law on which the assessor was to commence making assessments for the next succeeding year—that is, the division and payment of said earnings and profits, in each of said years, was made as above stated in reference to the earnings and profits of the year 1866, the number of the year only being changed. The company proved, also, the amount of taxes, State, county, and municipal, which it had paid in each of said years, and that it was a corporation chartered by the State of Alabama.

"This was all the evidence in the case. Upon this evidence, the Board of Revenue refused to set aside and vacate any of said assessments made by said assessor for the years 1867, 1868, 1869, 1871, 1875, and 1876, on ' annual gains, profits or income, for the preceding year;' to which action and refusal, in reference to each of said assessments, the Montgomery Gas-Light Company excepted. The board further determined and ordered to correct each of said assessments, so as to make the amount assessed for each year on ' annual gains, profits, or income for the preceding year,' the same as the entire amount of said earnings and profits for such preceding year, less the amount paid in for taxes, State, county, and municipal ; and that said assessments were valid for said amounts respectively, as thus corrected ; and that said company was liable for the taxes thereon, for each oɪ said six years, as for property which had escaped taxation in each of those years. To each of said rulings, decisions, and orders, as to each of said years, severally and separately, said company duly excepted. The said board further determined and ordered that said company was liable to taxation, in each of said years, on its annual gains, profits, or income for the preceding year, notwithstanding its said earnings and profits had been divided and paid to the stockholders, as dividends, as hereinbefore stated ; to which decision and order, also, said company excepted. No assessment was made by said Sewell, as such assessor, for any of said years, on dividends declared or earned and not divided."

The record does not show how the case was submitted to the City Court—whether on errors assigned, or on this bill of exceptions as an agreed case. The judgment only of the court is set out, as follows :  " Came the parties, by their attorneys ;  and this case having been argued, and heard by the court, it is considered, that the orders of said Board of Revenue—that said Montgomery Gas-Light Company is lia-

ble for escaped taxes on annual gains, profits and income, as assessed in 1867 for the preceding year, in 1868 for the preceding year, in 1869 for the preceding year, in 1871 for the preceding year, in 1875 for the preceding year, and in 1876 for the preceding year, making the total sum of $48,837—are reversed, and held for naught; and that the said assessments, made on the 28th day of August, 1877, by Geo. W. Sewell, as tax-assessor, against said company, on annual gains, profits and income, in each of said years, for the preceding year, be quashed, and held for naught; and that the petitioner recover the costs in this behalf expended. And to this ruling of the court the defendant excepts, and prays an appeal to the Supreme Court."

The judgment of the City Court is now assigned as error.

JNO. W. A. SANFORD, for the appellant.

CLOPTON, HERBERT & CHAMBERS, contra.

STONE, J.—It has long been the policy of this State to equalize the burdens of taxation between individuals, and between natural and artifical persons, as nearly as was practicable. To this end, the constitution of 1868, art. 9, sec. 1, ordained, that " all taxes levied on property in this State shall be assessed in exact proportion to the value of such property." Art. 13, sec. 4: "The property of corporations now existing, or hereafter created, shall forever be subject to taxation, the same as property of individuals, except corporations for educational and charitable purposes." The constitution of 1875 contains clauses substantially the same, except that its provisions are expressly confined to private corporations. Art. 11, sections 1 and 6. The purpose of these clauses was discussed and declared in *Mayor of Mobile v. Stonewall Ins. Co.*, 53 Ala. 570.

Our legislation has also disclosed a policy not to impose duplicate taxation on one and the same species of property. We should adopt such rule of interpretation as will not subject the same property to be twice taxed, unless it is required by the express words of the statute, or by necessary implication. " It is," says Judge Cooley, "a fundamental maxim in taxation, that the same property shall not be subject to a double tax, payable by the same party, either directly or indirectly ; and when it is once decided that any kind or class of property is liable to be taxed under one provision of the statutes, it has been held to follow, as a legal conclusion, that the legislature could not have intended the same property should be subject to another tax, though there may be gen-

eral words in the law which would seem to imply that it may be taxed a second time."—Cooley on Taxation, 165. This principle, however, applies only to cases which fall within its terms. If the proposed subject of taxation is not taxed, or subject to be taxed, under some express provision of the law, then, if it fall within any general clause of the revenue law, it will be subject to assessment under that general clause, and if a mass of property, covered by a general clause, fall partly within, and partly without the terms of a special clause, then we would hold that, to the extent such mass was not embraced in the special clause, it should be assessed under the general clause. This construction is necessary to prevent a double taxation on the one hand, and an escape of taxation on the other. It is part and parcel of the policy of adjusting the burdens of taxation upon all, as equally as may be.

Corporations, it is true, are artificial beings—existing entities—distinct and separate from the various shareholders, who practically own and represent their monetary interests. They are distinct existences, and when we speak of the one, we are not understood as meaning the other. The one is the aggregate whole, the other the constituent parts or membership, so far as pecuniary values are implied. The profit or loss of the one is, *ex necessitate*, the profit or loss of the other. The difference, in interest, between a monetary, manufacturing, or trading corporation aggregate, and the shareholders who own it, is the difference between a private partnership, or unchartered association of persons, and the several members composing the partnership or association. The membership of each feels and suffers alike the burdens and losses which fall on the collective whole. The acquisitions and gains of the one organization enure to its membership, precisely as do the acquisitions and gains of the other. The profits of a corporation are the profits of its shareholders; the gains of a partnership are the gains of its members. Hence, when a tax is levied on the aggregate property or income of such corporation, or association of persons, it is, in effect, levied on the property or income of each member who composes it. The whole includes the several parts.

Commencing with February 22d, 1866, several revenue systems have been enacted in this State. The one approved on that day begins on page 3, Pamph. Acts 1865-6. Pamphlet Acts 1866-7, p. 259, is the act approved February 19, 1867. Pamph. Acts 1868, p. 297, is the act approved December 31, 1868. Pamph. Acts 1874-5, page 3, is the act approved March 19, 1875. This act contains a general repealing clause of all previous, general revenue laws in conflict with it. Pamph. Acts 1875-6, p. 43, contains the act approved March

6, 1876. There is a clause levying a tax "on the capital stock actually paid in of all incorporated companies created under any law of this State, except railroads," &c., in the first three of the above-named statutes. The language is slightly varied in the last two, but not so as to affect this case.

In the acts of February 22d, 1866, section 2, and of February 19th, 1867, section 2, a tax is imposed "on all dividends declared, or earned and not divided, by any incorporated companies created under the laws of this State, except railroads." In the act approved 31st December, 1868, is the same clause, with the words "except railroads," omitted. See section 12. In the acts approved March 19, 1875, section 10, and March 6, 1876, chapter 3, section 5, is the following clause : "On all dividends declared or earned, and not divided, by incorporated companies doing business in this State, and not otherwise herein assessed, and declaring the same, a tax," &c.

Each of the revenue laws named has a clause, levying a tax on "All other property, real and personal, not otherwise specified herein, or exempt by law from taxation."

In the act approved February 19, 1867, a tax is levied "upon the annual gains, profits or incomes, of every person residing within the State, from whatever sources derived, and upon salaries and fees of public officers, and upon the salaries of all other persons, upon the excess of such gains," &c. Section 3. A similar clause is found in the act approved December 31, 1868, section 13. In the act approved March 19, 1875, section 11, is the following clause : "That there shall be assessed and collected upon all salaries and fees of public officers, and upon the salaries of all other persons, over five hundred dollars, at the rate," &c. In the act approved March 6, 1876, section 4, a tax is levied "Upon all salaries, gains, incomes and profits for the preceding year."—Code of 1876, § 362.

For general purposes of assessment, the tax year begins with January 1st, and ends with December 31st. Property, real or personal, owned on the first day of January, is required to be given in by the owner for assessment and taxation that year. It is assessed to the then owner. The rule as to salaries, gains, incomes, is different. The tax on these is given in, assessed and paid, the year after they accrue. This, for the obvious reason that they can not be known till then.

From this resumè of our statutes, it is manifest that, since February 19, 1867, it has been the policy of our legislature to assess and collect taxes on property owned by the taxpayer on the first day of January, and on his salary, gains and income, received by him during the preceding year. In

this way, it may, and does often happen, that taxes apparently double are paid in one year, and rightfully paid, on the same property: once, for the year preceding the assessment, as a gain or profit; and a second time, as being the owner of it on the first day of the year in which it is assessed. If, in the meantime, it has been changed or converted into some other subject of taxation, of which he is the owner on the first of January, it will be subject to assessment in its changed form.   This is not double taxation.

When the gas-light company earned, declared and paid out dividends during the current year, such dividends became income and gains of the shareholder, to whom they were paid, and he became liable to have them assessed against him at the next assessment, as gains and income accruing to him during the preceding year.   They should not have been assessed both against him and the corporation, as gains or income.   This would be double taxation.   As well tax a partnership, and the several members composing it, for a profit realized and divided during the year.   There is but one profit, and should be but one taxation.   If the dividends declared, divided and paid during the year, were assessed against the shareholders as gains, and the assessment paid, then this part of the tax should not be again assessed, or collected from any one.   If not previously assessed and collected, then the July dividends of the years 1867, 1868, 1869 and 1871, if declared and paid out during the several years, should be assessed as gains to the several shareholders.   Such, we think, were the policy and purpose of the statutes then in force.   In this we but apply the analogy of partnerships. Profits, divided during the year, are the gains of the several members.   If they remain undivided at the close of the year, they are gains of the partnership.   This mode of assessment of the undivided gains was necessary, as the law then stood, to secure the payment of the revenue from this subject of taxation, during the year next succeeding the one in which the gains accrued; the year the statute required it to be paid.

It results from what we have said, that gains of the gas-company, on hand on the first day of January, whether declared in dividends or not, were subject to taxation against the corporation as gains of the preceding year, and also as "dividends declared or earned, but not divided."—Code of 1876, section 369, subdivision 6.   The one, as a profit realized during the preceding year; the other, as taxable property owned on the first day of the current year.   But this rule of assessment ceased with the adoption of the revenue law of March 19, 1875.—See section 10, subdivision 5.   See, also, act of March 6, 1876, chapter 3, section 5, subdivision 5;

[Barksdale v. Garrett.]

Code of 1876, section 369, subdivision 5. After that time, the duty devolved on the gas-light company to give in this income tax. This embraces the gains and income during the years 1875 and 1876, to be taxed during the years 1876 and 1877. During those years, the corporation should have been assessed and taxed on the gross receipts during the (preceding) year, after deducting the expenses of carrying on the business. This, as a tax on gains and incomes. It leaves in full force subdivision 6 of the same section, 369, as a taxation of money on hand at the beginning of the current tax year.

It has been argued before us that the word 'person,' found in section 3 of the act approved February 19, 1867, and in the later statutes, does not include corporations. If this be true, then natural persons are taxed "upon their annual gains, profits or incomes," and corporations, or artificial persons, are not. This would violate section 6, article 11 of the constitution of 1875, which ordains that "The property of private corporations, associations and individuals of this State, shall forever be taxed at the same rate." See, also, article 13, section 4, constitution of 1868. This construction is too narrow. It is our duty to adopt any reasonable construction of language, rather than pronounce a legislative act unconstitutional.—See, also, Code of 1876, section 357, subdivision 5.

In the single matter of approving the tax assessed for the years 1867, 1868, 1869 and 1871, on gains which had been declared and paid out as dividends before the close of the respective preceding years, the Board of Revenue of Montgomery county fell into an error. It results, that the judgment of the City Court is reversed, and the cause remanded, that the proper judgment may be there rendered. If deemed necessary, or more convenient, that court may remit the matter to the Board of Revenue, with instructions to correct the assessment as above pointed out.