MORRIS, Court Clerk, v. STATE ex rel. WALCOTT, Bank Com'r.

No. 13673—Opinion Filed Jan. 30, 1923.

(Syllabus.)

1. Statutes—Restrictions of General Statutes as to State.

As a general rule the state is not bound by the provisions of a general statute, where the effect of such statute would be to restrict the rights of the state, to affect its interests, or to impose liabilities upon it, unless it is named expressly or by necessary implication.

2. Same—Presumptions.

The presumption obtains that it was the legislative intent to exclude the state from the operation of a statute; this for the reason that the laws are ordinarily made for the government of citizens, and not the state.

3. Same—Replevin by Bank Commissioner —Necessity for Bond.

Where the state, on relation of the Bank Commissioner, institutes an action in replevin to recover possession of personal property covered by a chattel mortgage given to secure a note which is an asset of an insolvent bank, the assets of which have been taken possession of by the Bank Commissioner, the state is entitled to an order of delivery, without executing the undertaking required of private litigants by section 4800, Rev. Laws 1910.

Error from District Court, Cotton County; A. S. Wells, Judge.

Action by the State of Oklahoma ex rel. Roy Walcott, Bank Commissioner, against Toby Morris, Court Clerk of Cotton County, for writ of mandamus. Judgment for plaintiff, and defendant appeals. Affirmed.

Thos. J. Huff, Co. Atty., for plaintiff in error.

Amil H. Japp and Lon Morris, for defendant in error.

NICHOLSON, J. On the 16th day of June, 1922, the state of Oklahoma ex rel. Roy Wolcott, State Bank Commissioner, filed in the district court of Cotton county an action in replevin, seeking the possession of certain personal property covered by a chattel mortgage executed and delivered to the Chattanooga State Bank of Chattanooga, Okla., which bank afterwards became insolvent and the assets thereof, including said chattel mortgage and the note secured thereby, were placed in the hands of said Bank Commissioner.

The court clerk of Cotton county refused to issue an order of delivery in said action unless the plaintiff would execute and file

an undertaking by one or more sufficient sureties in an amount not less than double the value of the property, as required by section 4800, Rev. Laws 1910. Thereupon the state, on relation of said Bank Commissioner, instituted in said court this acton against Toby Morris, court clerk of Cotton county, praying a writ of mandamus requiring said clerk to issue said order of delivery. Upon a trial of said cause, the writ was allowed as prayed for, and the clerk directed to issue the order of delivery in replevin without an undertaking being filed as in ordinary cases. From this judgment, the clerk has appealed.

The sole question presented is whether or not the plaintiff was entitled to an order for the delivery of the property without executing and filing the undertaking required by section 4800, Rev. Laws 1910, which reads as follows:

"The order shall not be issued by the clerk until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking in not less than double the value of the property, as stated in the affidavit to the effect that plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, and if the property be delivered to him, that he will return the same to the defendant if a return be adjudged."

The plaintiff in error has cited no authority, but takes the position that this section of the statute requires every plaintiff in every replevin action to file with the court clerk a good and sufficient bond before the clerk is authorized to issue the replevin order, this regardless of the fact that the plaintiff is the state, and argues that if the Legislature had intended to make an exception in favor of the state, it would have so indicated.

There is nothing in this section of the statute indicating that it was the legislative intent to extend its provisions to the state, and the general rule is that the state is not bound by the provisions of a general statute, where the effect of such statute would be to restrict the rights of the state, to affect its interests, or to impose liabilities upon it, unless it is named expressly or by necessarily implication. State v. Brewer, 64 Ala. 276; Cole v. White County, 32 Ark. 45; State v. Shelton, 47 Conn. 400; State v. American Book Co., 69 Kan. 1; Johnson v. The Auditor, 78 Ky. 282; Reed v. Creditors, 39 La. Ann. 115; Cape Elizabeth v. Skillin, 79 Me. 593; State v. Milburn, 9 Gill. (Md.) 105; Josselyn, State Commissioner, v. Stone, 28 Miss. 753; State v. Kinne, 41 N. H. 238; People v. Herkimer, 4 Cow. (N. Y.) 345, 15 Am. Dec. 379; Whiteacre v. Rector, 29 Gratt, (Va.) 714; Milwaukee v. McGregor, 140 Wis. 35, 121 N. W. 642; State v. Milwaukee et al. 145 Wis. 131, 129 N. W. 1101.

This rule, which is of ancient origin and based upon the idea that the king is not bound by a statute unless named in it, has been extended so as to apply to our national and state governments. The reason for applying the rule in a representative government is equally cogent as in a kingly government, and stands on the same grounds of expediency and public convenience. Den ex dem. Van Kleek v. O'Hanlon, 21 N. J. L. 582. The presumption obtained that it was the legislative intent to exclude the state from the operation of a statute unless the contrary clearly appears, this for the reason that laws are ordinarily made for the government of citizens, and not of the state. McBride v. Pierce County, 44 Fed. 17; State v. Garland et al., 29 N. C. 50; State v. Board of Public Works, 36 Ohio St. 409; Jones v. Tatham, 20 Pa. 398.

No reason is perceived why this rule should not apply to the case at bar. The Constitution of the state provides for the creation of a Banking Department to be under the control of a Bank Commissioner to be appointed by the Governor. Constitution, sec. 1, art. 14. This provision was vitalized by act of the Legislature, and section 304, Rev. Laws 1910, provides that the Bank Commissioner shall take possession of the books, records, and assets of every description of an insolvent bank, and collect the debts, dues, and claims belonging to it.

In carrying out the provisions of this section of the statute, the Bank Commissioner took possession of the assets of the Chattanooga State Bank, including the mortgage and note involved, and in an effort to realize thereon the state, acting through the Bank Commissioner, sought to obtain possession of the property covered by the chattel mortgage, in order that said mortgage might be foreclosed.

If the state is not bound by section 4800, Rev. Laws 1910, supra, and we hold that it is not, then the state was entitled to the order of delivery without executing the bond provided for. To hold otherwise would be to restrict the rights of the state and to affect its interests and make applicable to it a statute which was only intended to apply to its citizens. The state may pro-

ceed in its courts to enforce its rights and protect its interests without giving the bonds required of private litigants. This is one of the attributes of political sovereignty which attaches to the government.

We may add that there is no provision of law authorizing the state to execute an undertaking in replevin or any other judicial bond, and we are unable to see that such a bond would be any protection to the obligee therein. No liability could be created on the part of the state under such a bond, and obviously, no liability could be created on the part of persons purporting to execute such a bond as sureties. If, in the administration of the affairs of the Banking Department, a defendant is injured by the wrongful issuance of an order of delivery in replevin, in favor of the state, his remedy may be redressed through the Legislature.

It follows that the judgment of the trial court awarding the writ of mandamus is correct, and such judgment is affirmed.

All of the Justices concur ,except PITCH-FORD, C. J., and KANE, J. not participating.