Note.—See under (1) 32 C. J. p. 1069. (2) 32 C. J. p. 1069. (3) 32 C. J. p. 1142. (4) 9 C. J. p. 1099. See under (1-4) anno. 44 L. R. A. (N. S.) 75; 51 L. R. A. (N. S.) 584; L. R. A. 1915E, 579, L. R. A. 1917F, 543; 14 A. L. R. 215; 19 A. L. R. 171; 24 A. L. R. 740, 30 A. L. R. 623; 14 R. C. L. p. 1271; 3 R. C. L.Supp. p. 376; 4 R. C. L. Supp. 957, 5 R. C. L. Supp. pp. 807, 808.

---

## BROWN et ux. v. AMERICAN SURETY CO. OF NEW YORK.

No. 15486—Opinion Filed June 16, 1925.

### Principal and Surety—Nonliability of Surety on Invalid Judicial Bond Executed by State.

Where an obligation is invalid as between the original parties, by reason of a total lack of consideration, it will not bind the surety. This rule applies to an action to recover against the surety upon a judicial bond executed by the state of Oklahoma.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by J. R. Brown and Rena Brown against the American Surety Company of New York, to recover upon a bond. Judgment for defendant, and plaintiffs appeal. Affirmed.

A. J. Welch and McLaury & Hopps, for plaintiffs in error.

Wilson, Tomerlin & Threlkeld and S. S. Chandler, Jr., for defendant in error.

Opinion by FOSTER, C. This appeal is prosecuted to reverse a judgment of the district court of Oklahoma county in an action wherein the plaintiffs in error were plaintiffs, and the defendant in error was defendant, and wherein the defendant in error obtained a judgment sustaining a demurrer, interposed by it, to the petition of the plaintiffs in error, and in dismissing the action. Parties will be hereinafter referred to as they appeared in the trial court.

The plaintiffs sought to recover upon a judicial bond executed, in a garnishment proceeding, by the state of Oklahoma, as principal, against the American Surety Company of New York, as surety in said bond. The petition alleged, in substance, that on

May 24, 1920, the state of Oklahoma on relation of Fred Dennis, State Bank Commissioner, filed an action in garnishment in the district court of Oklahoma county against the plaintiff, J. R. Brown, and, in support thereof, filed the usual garnishment affidavit and bond with the defendant, American Surety Company of New York, signing said bond as surety.

That in such proceeding, the proceeds of certain homestead property was impounded and later released by order of the district court, upon the ground that such proceeds were exempt to the defendant and his family under the laws of the state of Oklahoma, from which order, releasing such proceeds, the state of Oklahoma appealed to the Supreme Court of this state and gave its supersedeas bond with the defendant, American Surety Company, as surety therein, whereby the order releasing said exempt funds was stayed until some three years thereafter when the Supreme Court finally sustained the judgment of the trial court.

Both the garnishment and supersedeas bonds were in the usual form and copies thereof were attached to the plaintiffs' petition as exhibits "A" and "B".

It was alleged that by the terms of said bond the defendant obligated itself to pay all damages, including attorneys' fees, that the plaintiffs might sustain by reason of said garnishment action and appeal, and damages consisting for the most part of attorneys' fees and legal interest upon the funds impounded during the pendency of the appeal, in the sum of $1,895.82, were sought to be recovered, on both bonds. There is but one question presented, "Did the petition state a cause of action?"

It is no longer an open question in this state that the state of Oklahoma is not bound by the provisions of a general statute requiring a judicial bond of a plaintiff in an action, where the effect of such statute would be to restrict the rights of the state or to impose liabilities upon it, unless it is named in the statute expressly, or by necessary implication. Morris, Court Clerk, v. State ex rel. Walcott, Bank Commissioner, 88 Okla. 189, 212 Pac. 588.

Our court said, quoting from the Morris Case, supra:

"If the state is not bound by section 4800, Rev. Laws 1910, supra, and we hold that it is not, then the state was entitled to the order of delivery without executing the bond provided for. To hold otherwise would be to restrict the rights of the state and to affect its interests and make applicable to it a statute which was only intended to apply to its citizens. The state may proceed in its courts to enforce its rights and protect its interests without giving the bonds required of private litigants. This is one of the attributes of political sovereignty which attaches to the government."

From a very careful examination of the case just cited, we think it apparent that our court recognized a rule of ancient origin, which rests upon the ground of expediency and public convenience, that laws are not ordinarily made for the state, but for its citizens, and that this rule was recognized by the Legislature in failing to include in the statute a provision expressly requiring the giving of a bond by the state.

It is argued, however, that although the state is exempt, under the statute, and on grounds of public policy, from giving a judicial bond, if such a bond is in fact given, the surety therein would be liable as upon a voluntary common-law obligation where the bond is supported by a valid consideration.

It is undoubtedly a well-established principle of law that a bond without the statute is enforceable as a voluntary common-law obligation to the extent that it is supported by an independent and valuable consideration. Gillespie v. Frisbie, 46 Okla. 438, 148 Pac. 991; U. S. v. Hobson et al., 10 Wall, 395, 19, L. Ed. 937.

But it is equally well settled that where the obligation is invalid, as between the original parties, by reason of a total lack of consideration, it will not bind the surety. 32 Cyc. 29.

In 21 R. C. L., page 996, it is said:

"In accordance with general principles of contract law, any illegality in the consideration on which the contract of a surety is based, or anything which tends to make void the original contract on which the suretyship obligation is founded, will relieve the surety from liability."

If, in the instant case, it can be said that the bonds sued on were valid common law contracts with the state of Oklahoma, the surety would undoubtedly be liable thereon, even though the contracts are not enforceable against the state by reason of its exemption from court process. If, on the other hand, the bonds are invalid as between the original parties by reason of a want of consideration therefor, neither the principal nor the surety would be bound, and the fact that the principal on the bond is exempt from suit becomes immaterial.

It is clear, then, that the question of whether or not the defendant in the case

at bar is liable turns on whether the bonds were supported by any consideration.

In the case of National Surety Company v. Craig, 94 Okla. 63, 220 Pac. 943, this court said:

"The consideration of a supersedeas bond, approved and filed in a case, for the stay of execution in a money judgment, is the involuntary forbearance of a judgment creditor to collect his debt by operation of law."

We have already determined that the state of Oklahoma, as a sovereign plaintiff, was entitled to the benefit of court process without price and without bond. It was, therefore, entitled to the garnishment writ and to a stay of execution of the judgment obtained by the plaintiffs, pending appeal to the Supreme Court, without the giving of any bond therefor.

The involuntary forbearance of the plaintiff Brown to collect his debt was not obtained by giving the supersedeas bond, for the state of Oklahoma had that right without bond, and hence it received no consideration for the execution of such bond, nor could the defendant have suffered any injury or detriment capable of redress in a court of law, by reason of its use of the processes of the court without bond.

In the nature of things, there could be no damage suffered by the defendant by reason of the issuance of the garnishment writ on behalf of the state of Oklahoma, and its subsequent appeal to the Supreme Court capable of redress in a court of law.

As was said by Mr. Justice Nicholson, in the case of Morris, Court Clerk, v. State ex rel. Walcott, supra, "his injuries could only be redressed through the Legislature." Nor do we think, as alleged by plaintiffs in their petition, that the premiums paid by the Bank Commissioner to the defendant constituted a consideration for the bond. Whether the surety signed the bond for hire or as an accommodation merely is not material as affecting its liability thereon, where, as here, the language of the bond is clear, and the question of construction does not enter.

We think the general rule applicable to this case is stated in 21 R. C. L. 974, where it is said:

"A cause of action cannot exist against a surety, as such, unless a cause of action exists against his principal. This rule results as a corollary; from the very definition of the contract of suretyship, that the obligation of the surety being accessory to the obligation of the principal debtor or obligor, it is of its essence that there should be a valid obligation of such a principal, and that the nullity of the principal obligation necessarily induces the nullity of the accessory."

Quoting again from the case of Morris, Court Clerk, v. Walcott, supra, where our court said, speaking through Mr. Justice Nicholson:

"We may add that there is no provision of law authorizing the state to execute an undertaking in replevin or any other judicial bond, and we are unable to see that such a bond would be any protection to the obligee therein. No liability could be created on the part of the state under such a bond, and obviously no liability could be created on the part of persons purporting to execute such a bond as sureties."

There being no consideration to support the bond sued on in the instant case, it follows, under the rule announced in the cases cited above, that no cause of action existed against the principal therein, and hence none could exist against the surety.

A number of authorities are cited in the brief of the plaintiffs in support of their claim that they have brought themselves within the exception to the rule announced in the authorities cited and quoted above, which exception, it is said, is as well established as the rule itself.

The exception is that where the principal is excused from liability for reasons personal to himself, and which do not affect the debt he has incurred, or the promise he has made, the surety would not be entitled to the benefit of this excuse. This rule can go no further than to exempt the state from liability in a suit upon the bond against it, without its consent, where the bond is otherwise valid as a common-law obligation against both the principal and the surety. This rule is not applicable here for we have already determined that the bond in the instant case is invalid because it was not supported by any consideration.

Our conclusion is that the bonds sued on in the instant case do not constitute valid obligations on the part of the principal therein, and hence no cause of action can be maintained thereon against the defendant.

It follows that the judgment of the trial court sustaining the demurrer interposed to the plaintiffs' petition and in dismissing his action was correct, and should be, and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 29; anno. 3 A. L. R. 870; 21 R. C. L. pp. 996, 997, 3 R. C. L. Supp. p. 1209.