142 So. 55

## CITY OF BIRMINGHAM v. SLOSS-SHEF-FIELD STEEL & IRON CO.

### 6 Div. 154.

Supreme Court of Alabama.

May 26, 1932.

W. J. Wynn, of Birmingham, for appellant.

E. L. All, Kingman C. Shelburne, and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

BROWN, J.

Action of indebitatus assumpsit by the appellant to recover the amount of a license tax alleged to be due and unpaid.

The question involved in the appeal is not the power of the municipality to levy a tax and require a license from the appellee for engaging in business within the area covered by the municipality's taxing powers, but whether or not the appellee is within the scope of the ordinance which levies a tax and requires a license from each manufacturer of gas by-products, "where *delivered wholesale*, in City for domestic purposes, $500.00. Where *delivered in City* for manufacturing purposes only, $250.00." (Italics supplied.)

The agreed case is that the appellee, "during November and December 1923, and the years 1924 and 1925, owned and operated a plant for the manufacture of coke and by-product gas, said plant being situated without the corporate limits of the said City of

72

Birmingham and at a distance of about one mile from said corporate limits. Said company during said time was engaged in the business of manufacturing pig iron and coke, and incidental to the manufacture of coke produced said by-product gas which it sold as hereinafter stated. During said period of time the said Sloss-Sheffield Steel & Iron Company maintained and operated its general offices in the City of Birmingham, Alabama, where it transacted much of its business and it there received by mail, checks of Birmingham Electric Company in payment for the by-product gas delivered by the defendant to the Birmingham Electric Company as hereinafter stated. All of the by-product gas manufactured by defendant during the above mentioned time, after being manufactured by the defendant at said plant during said time, *was delivered by the defendant to the Birmingham Electric Company without City of Birmingham* at said plant of defendant and was conducted by said Birmingham Electric Company from the point of delivery in said plant of defendant through pipes of the Birmingham Electric Company extending from said plant of the defendant into the City of Birmingham, and was delivered by said Birmingham Electric Company, which was and is a public utility, to consumers for domestic purposes, said consumers being customers of the Birmingham Electric Company in said City, and said consumers paid the Birmingham Electric Company therefor. The defendant has no pipes or conduits extending from its said plant to or into said City. * * * All of the gas delivered to the Birmingham Electric Company as stated above was sold in the City of Birmingham by the defendant to the Birmingham Electric Company and paid for by said Birmingham Electric Company in said City." (Italics supplied.)

The basis of the levy by the ordinance is not on gas sold and paid for, or business conducted in the city, *but on the basis of gas delivered by the manufacturer within the city,* and, on the case made by the statement of facts, no deliveries of gas were made by the defendant within the city, and therefore it was not liable to pay the tax. Barrow v. City of Bessemer, 224 Ala. 48, 138 So. 553; Oakland v. Western Power Co., 186 Cal. 570, 200 P. 395.

It is clearly not the purpose of section 2173 of the Code (Acts 1919, p. 1030, § 1) to broaden the scope of ordinances levying such tax, but to lay a restriction on the power of municipalities in levying license taxes.

The judgment of the circuit court is free from error and ordered affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.