11 So.2d 363

### GOTLIEB et al. v. CITY OF BIRMINGHAM.

6 Div. 72.

Supreme Court of Alabama.

Jan. 14, 1943.

E. M. Zeidman, of Birmingham, for appellants.

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, amici curiæ.

Wm. L. Clark and Thos. E. Huey, Jr., both of Birmingham, for appellee.

GARDNER, Chief Justice.

The City of Birmingham instituted this proceeding in equity for the enforcement of licenses claimed to be due the city by defendants (comprising a partnership doing business under the name of Star Provision Company) under Schedule 205, § 1, License Code, 1940, and Schedule 203 of § 1 of the License Code 1941 of said city.

The remedy in equity, including injunctive relief, finds support in Tit. 37, Art. 4, Code of Alabama 1940, and is not here questioned.

The above-noted license provisions are identical in verbiage. The language here pertinent reads as follows: *"Packing House Companies And/Or Packing House Products.*—Each packing house, branch, or agents for same, including brokers and commission agents, soliciting or selling packing house products, shall pay a license on the first $100,000 of gross receipts or less of . . . $100.00. On all receipts in excess of $100,000, the license shall be in addition to the above, 3/40ths of one per cent of said receipts based on the receipts of the year next preceding. In no case shall the license be less than $100.00."

The cause was tried upon an agreed statement of facts which discloses that these defendants have paid to the city all license taxes due for the years 1940 and 1941 if the computation therefor be based upon gross receipts from "packing house products sold and delivered in Birmingham, also on packing house products sold in Birmingham and delivered out of the State, and also on packing house products sold here to citizens or residents of other cities and towns in Alabama who came to the store of the respondent in Birmingham and obtained merchandise there." But it appears from the agreed facts there were salesmen of defendants who resided in other cities and towns in Alabama, some twenty-four in number, and who were nonresidents of Birmingham and maintained their offices in these various localities and defendants paid the license tax therein required by each municipality. The business transacted in this manner is described as follows: "7. The salesmen who obtained orders for packing house products in the cities and towns mentioned in the foregoing paragraph were non-residents of the city of Birmingham and were residents of one or more of the cities or towns described herein. These salesmen maintained office[r]s in these respective cities or towns. The orders they obtained were phoned or mailed in to the respondent in Birmingham, who shipped their packing house products in accordance with those orders to purchasers in these other cities and towns where the respondents were paying licenses to do business. None of the sales for which the City of Birmingham is seeking a license at this time took place in the City of Birmingham. The warehouse of the respondents in the City of Birmingham store said packing house products. These products were then drawn out of the warehouse, and shipped to purchasers in other cities and towns in Alabama on orders and business obtained in those cities and towns."

Counsel for appellant in brief has correctly and succinctly stated the single question presented in this appeal in the following language: "Hence the sole question presented by this appeal is whether or not the City of Birmingham under said provisions of its license code is entitled to use as a basis, in collecting said license tax, gross sales made in other Alabama municipalities than Birmingham, and which are situated outside the police jurisdiction of Birmingham, by agents maintaining offices in said respective municipalities and paying a license for the privilege of doing business therein to the said respective municipalities."

We are not here concerned with the authority of the city to so frame its ordinance as to bring these sales within the scope of the gross receipts which form the basis of the computation of the license tax. Such power is not questioned by counsel for appellant on this appeal and, indeed, was so admitted on argument, and is not here involved. The following citations are of interest in this connection: ·Town of Guntersville v. Wright, 223 Ala. 349, 135 So. 634; White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914; Standard Oil Co. v. City of Selma, 216 Ala. 108, 112 So. 532; Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229; City of Sedalia ex rel. Bauman v. Standard Oil Co., 8 Cir., 66 F.2d 757, 95 A.L.R. 1524; City of Sedalia ex rel. Ferguson v. Shell Petroleum Corp., 8 Cir., 81 F.2d 193, 106 A. L.R. 1332; Tit. 37, § 735, Alabama Code,

1940; Bentley-Gray Dry Goods Co. v. City of Tampa, 137 Fla. 641, 188 So. 758.

■ We are persuaded that a consideration of the applicable rules of construction must lead to a conclusion contrary to that reached by the learned chancellor. It is a rule of construction of universal recognition that taxing statutes are to be strictly construed against the taxing power. State v. Roden Coal Co., 197 Ala. 407, 73 So. 5; State v. Seals Piano Co., 209 Ala. 93, 95 So. 451; Dixie Coaches v. Ramsden, 238 Ala. 285, 190 So. 92; 18 Alabama Digest, Statutes, ⊂⊃245, p. 141. And as a matter of course this rule is alike applicable to municipal ordinances of this character. Anderson v. City of Birmingham, 205 Ala. 604, 88 So. 900.

■ In Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 263, 76 L.Ed. 422, the rule is well stated as follows: "It is elementary that tax laws are to be interpreted liberally in favor of taxpayers, and that words defining things to be taxed may not be extended beyond their clear import. Doubts must be resolved against the government and in favor of taxpayers."

To like effect see State v. Coastal Petroleum Corp., 240 Ala. 254, 198 So. 610. And in City of Sedalia v. Shell Petroleum Corp., 8 Cir., 81 F.2d 193, 196, 106 A.L.R. 1327 (a case here much in point) the court correctly observed: "There is a presumption that the governing body of the city was legislating with reference to the conduct of business within the territorial limits of the city." For former appeal in that case see City of Sedalia v. Standard Oil Co., 8 Cir., 66 F.2d 757, 95 A.L.R. 1514.

■ In City of Birmingham v. Sloss-Sheffield Steel & Iron Co., 225 Ala. 71, 142 So. 55, reference is made to § 2173, Code 1923 (in effect at the time here in question) as having the purpose to restrict rather than broaden the powers of the municipality. And § 1 of the City of Birmingham License Code likewise provides that the license schedule shall be the schedule of licenses for " * * * businesses * * * engaged in or carried on in the City of Birmingham." And in White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914, is the observation that a municipality is without authority to levy a tax on a business or occupation wholly beyond the confines of such municipality or its police jurisdiction. We may add also still another rule which should be given some recognition and that is the presumption against a legislative intent to impose double taxation on the same property. 61 C.J. 139; Board of Revenue v. Montgomery Gaslight Co., 64 Ala. 269.

■ Recurring to a consideration of the language of the ordinance here in question it is observed that the tax is levied upon the packing houses "soliciting or selling packing house products," and the basis of the amount of the tax is the gross receipts of the year next preceding. But there is a minimum license fee of $100. The language is in the alternative, "soliciting or selling". If the packing house solicits without success as to sales (an extreme illustration, we may confess) it would yet be due the minimum fee. But all of this serves to illustrate that the language had reference to solicitation within the city's territorial jurisdiction and not beyond. So likewise as to the sales. As to the latter the agreed facts expressly state that none of the sales here involved *"took place in the City of Birmingham"*. (Italics supplied.)

Counsel for the city insist too great a stress is laid upon these introductory words of the ordinance and not sufficient emphasis upon the concluding feature as to gross receipts. But the argument for the city would reconstruct, as it were, the language of the ordinance, so as to make the subject of taxation therein the privilege of engaging in the packing house business within the city of Birmingham, akin to the wording of paragraph five of the bill. Whatever may have been the intention of those who drafted the ordinance, it does not so read. The tax is upon "soliciting or selling packing house products," and as so restricted must clearly be held to have relation to solicitation or sales within the territorial jurisdiction of the city. These words cannot be ignored and indeed are of controlling importance in the matter of proper interpretation of the ordinance. However ingenious the argument to the contrary, the wording of the ordinance places the tax upon "soliciting or selling" packing house products, and the matter of gross receipts serves merely as a measurement of the amount of the tax.

The language of the ordinance in Bentley-Gray Dry Goods Co. v. City of Tampa, supra, cited by the city, differs widely from that here considered and that author-

ity is without material influence in the instant case.

So considering the language as above indicated, the sales made by agents residing and having their places of business in the various municipalities of the State wherein the municipal license taxes have been paid, are not included. Or, at the most, a grave doubt arises in that respect, and the correct rule of construction requires that we resolve the doubt in favor of the taxpayer, the defendants here.

Further discussion we deem unnecessary. Our conclusion is that under the agreed statement of facts defendants have paid all that is required of them by the ordinance and that the relief sought should have been denied and the bill dismissed.

It is so ordered.

Reversed and rendered.

All the Justices concur.