Court Clerk — Certification Fee — Welfare Department A court clerk may not charge the Department of Public Welfare a fee for certifying copies of court orders and divorce decrees when the Department requests such certification pursuant to the authority granted to it in 56 O.S. 233 [56-233] — 56 O.S. 236 [56-236] (1968). The Attorney General has had under consideration your letter dated August 8, 1968, requesting an official opinion. Based on your letter and several telephone conversations had with you, you have indicated you are interested solely in the answer to the following question: May the court clerk lawfully charge the State Department of Public Welfare a fee for certification of copies of court orders and divorce decrees requiring the payment of child support where the Department has been given the responsibility therefor under House Bill No. 1196, Second Session, Thirty-First Legislature? House Bill No. 1196, referred to in your question, provides in relevant part: "The Department of Public Welfare shall have authority to have investigations made to ascertain the reasons why parents of children for whom the Department is making payments in its program for Aid to Families with Dependent Children are not providing for the maintenance and support . . . . "If a party in a divorce action or other civil case has disobeyed or failed to comply with an order of the Court to make payments for the support or maintenance of a child . . . the Department may file and prosecute in such action or civil case an application to have such party cited for contempt of court, or any other pleading to secure a compliance with the Court's order." Article XXV, Section 2 of the Oklahoma Constitution provides in pertinent part: "For the purpose of effectively administering and carrying into execution all laws enacted pursuant to the authority granted in Section One hereof, there is hereby created a Department of Public Welfare. . . ." Article XXV, Section 2 supra, created the Department of Public Welfare and made it a department of the State charged with the duty and responsibility of administering the laws pertaining to such office. In State ex rel. Commissioners of Land Office v. Johnson, 165 Okl. 180, 25 P.2d 659, the court pointed out: "'Those who accept public offices which require them to render services to the State, must take the office cum onere with the burden. The rendition of such service is gratuitous, unless by express statutory provision compensation is fixed, and an express liability for its payment imposed on the State.'" ". . . Before any servant of the sovereign may exact a fee for his services, the sovereign must have first agreed that such fees might be exacted of it, and in our form of government such agreement must be by specific legislative enactment." In Morris v. State, 88 Okl. 189, 212 P. 588, the appellate court affirmed the trial court's decision of awarding a writ of mandamus forcing a court clerk to issue an order of delivery even though the plaintiff State Bank Commissioner had not executed any sureties as required by statute. Ruling that the State was exempt in such cases, the court reasoned in the first paragraph of the syllabus: "As a general rule, the state is not bound by the provisions of a general statute, where the effect of such statute would be to restrict the rights of the state, to affect its interests, or to impose liabilities upon it, unless it is named expressly or by necessary implication." There is no legislative enactment in this state which specifically provides that the court clerk may charge the State Department of Public Welfare a fee for certifying copies of court orders and divorce decrees. Therefore, it is the opinion of the Attorney General that your question must be answered in the negative; that is, a court clerk may not charge the Department of Public Welfare a fee for certifying copies of court orders and divorce decrees when the Department requests such certification pursuant to the authority granted to it in House Bill No. 1196, Thirty-First Legislature, Second Session. (Glenn E. Ricks) (State Agency, Fees, Charges for filing of Court instruments, Court records, filings)