OPINION — AG — (1) BY THE TERM "SALARY" AS USED IN COMPUTING THE "AVERAGE MONTHLY SALARY" UPON WHICH PENSION PAYMENTS ARE BASED UNDER THE PROVISIONS OF 11 O.S. 1977 Supp., 49-106 [11-49-106], REFERENCE IS MADE TO A PRE DETERMINED SUM PAYABLE AT SPECIFIED AND REGULAR TIMES FOR SERVICES RENDERED TO A PERSON HOLDING A POSITION AND, FROM WHICH SUM, MONTHLY DEDUCTIONS ARE MADE TO THE FIREMEN'S RELIEF AND PENSION FUND. (2) PAYMENTS MADE TO AN ELIGIBLE PERSON, UPON RETIREMENT, WHICH REPRESENT COMPENSATION FOR UNUSED AND/OR ACCUMULATES SICK LEAVE OR VACATION LEAVE ARE NOT "SALARY" AS THAT TERM IS USED IN 11 O.S. 1977 Supp., 49-106, [11-49-106] IRRESPECTIVE THAT DEDUCTIONS ARE MADE OR TENDERED TO THE FIREMEN'S RELIEF AND PENSION FUND. (3) PAYMENTS FOR UNIFORM OR CLOTHING ACQUISITION OR MAINTENANCE AND OTHER ALLOWANCES RECEIVED BY A PARTICIPANT IN THE FIREMEN'S RELIEF AND PENSION FUND ARE NOT "SALARY" AS THAT TERM IS USED IN 11 O.S. 1977 Supp., 49-106 [11-49-106] BUT, RATHER, CONSTITUTE REIMBURSEMENT FOR EXPENSES INCURRED OR CONTEMPLATED IN THE PERFORMANCE OF SERVICE, IRRESPECTIVE THAT MONTHLY DEDUCTIONS FROM SUCH PAYMENTS ARE MADE OR TENDERED TO THE PENSION FUND. (4) COMPENSATION PAID FOR EXTRA WORK OR OVERTIME SERVICE IS CUSTOMARILY NOT "SALARY" AS THAT TERM IS USED IN 11 O.S. 1977 Supp., 49-106 [11-49-106], IRRESPECTIVE THAT MONTHLY DEDUCTIONS ARE MADE OR TENDERED TO THE FIREMEN'S RELIEF AND PENSION FUND. (5) TO THE DEGREE THAT THE SALARY PAID FOR A POSITION HELD BY AN ELIGIBLE PARTICIPANT IN THE FIREMEN'S RELIEF AND PENSION FUND AND ALSO INCLUDE A PRED DETERMINED INCREMENT RECOGNIZING LENGTH OF SERVICE FOR THAT POSITION AND MONTHLY DEDUCTIONS ARE MADE TO THE PENSION FUND, SUCH INCREMENTS IN THE NATURE OF LONGEVITY PAYMENTS ARE INCLUDABLE AS "SALARY" WITHIN THE PROVISIONS OF 11 O.S. 1977 Supp., 49-106 [11-49-106]. WHETHER A PARTICULAR FORM OF COMPENSATION FOR LONGEVITY IS INCLUDABLE AS "SALARY" IS A QUESTION OF FACT. CITE: 11 O.S. 1977 Supp., 49-101 [11-49-101], 11 O.S. 1977 Supp., 49-119 [11-49-119], 11 O.S. 1977 Supp., 49-122 [11-49-122], 11 O.S. 1971 364 [11-364] (MANVILLE T. BUFORD) FILENAME: m0003930 Otis English, Chief Mine Inspector, State Department of Mines Attorney General of Oklahoma — Opinion December 12, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: To implement 45 O.S. 786 [45-786](E) (1979), does the State Department of Mines have authority to enact rules and regulations consistent with those found in 43 CFR 4.1290-4.1296 for the assessment and award of costs and expenses? Section 525(e) of Pub.L. 95-87, the Surface Mining Control and Reclamation Act, and 45 O.S. 786 [45-786](E) (1979), its counterpart under the Oklahoma Coal Reclamation Act of 1979, provide for the assessment and award of costs and expenses, including attorney's fees, incurred in connection with administrative proceedings conducted by the mining regulatory authority and the judicial review thereof. 45 O.S. 786 [45-786](E) is substantially verbatim to 525(e) and provides as follows: "Whenever an order is issued under this section, or as a result of any administrative proceeding under this act, at the request of any person, a sum equal to the aggregate amount of all costs and expenses, including attorney fees, as determined by the Chief Mine Inspector to have been reasonably incurred by such person for or in connection with his participation in such proceedings, including any judicial review of agency actions, may be assessed against either party as the court, resulting from judicial review or the Chief Mine Inspector, resulting from administrative proceedings, deems proper." As noted in your request, the Office of Surface Mining (hereafter "OSM") as a condition to approval of the State's permanent regulatory program, has requested that the Department of Mines (hereafter "Department") promulgate regulations implementing 45 O.S. 786 [45-786](E) so as to provide the Department full authority to award costs and expenses. Specifically, OSM has recommended that the Department enact regulations comparable to those found in 43 CFR 4.1290-4.1296. Under 43 CFR 4.1290-4.1296, any person may file a petition for award of costs and expenses incurred as a result of the person's participation in any administrative proceeding which results in a final order. See 4.1290. The petition must be filed with the regulatory authority who issued the final order within 45 days of receipt of the order and must be accompanied by supporting affidavits and other evidence detailing the nature and amount of the costs and expenses. See 4.1291 and 4.1292. Any person served with the petition has 30 days within which to file an answer. See 4.1293. The award may include all costs and expenses reasonably incurred including attorney's fees and expert witness fees. See 4.1295. As to who may recover, appropriate costs and expenses may be awarded to any person from the mining permittee if the person initiates any administrative proceedings reviewing enforcement actions upon a finding that a violation of the mining act, regulations or permit has occurred or that an imminent hazard existed, or to any person who participates in an enforcement proceeding where such a finding is made if the regulatory authority determines that the person made a substantial contribution to the full and fair determination of the issues. See 4.1294(a). Costs and expenses may be assessed against the regulatory authority in favor of any person other than a mining permittee if the person initiates or participates in any proceeding under the mining act upon a finding that the person made a substantial contribution to a full and fair determination of the issues. See 4.1294(b). Costs and expenses may be assessed against the regulatory authority in favor of a mining permittee if the permittee demonstrates that the regulatory authority issued an order of cessation, a notice of violation or an order to show cause why a permit should not be suspended or revoked, in bad faith and for the purpose of harassing or embarrassing the permittee. See 4.1294(c). An award may be made to a mining permittee from any person where the permittee demonstrates that the person initiated or participated in a proceeding under 525 (45 O.S. 786 [45-786] of the Oklahoma Act) in bad faith for the purpose of harassing or embarrassing the permittee. See 4.1294 (d) . Finally, an award may be made to the regulatory authority where it demonstrates that any person applied for review under 525 or participated in such a proceeding in bad faith for the purpose of harassing or embarrassing the government. See 4.1294(e). It is essential to the validity of any rules or regulations enacted by the Department that it be fully authorized to adopt the same by statutory provision or implication. See W. S. Dickey Clay Mfg. Co. v. Ferguson Inv. Co., Okl.,388 P.2d 300 (1963). It is necessary that any rules or regulations enacted by the Department be conducive to the accomplishment of the legislative purpose of the statute being implemented by the same but that they not extend the powers of the Department beyond the powers granted in the statute. See Adams v. Professional Practices Commission, Okl., 524 P.2d 932 (1974) and Application of State Bd. of Medical Examiners, 201 Okl. 365, 206 P.2d 211 (1949). Subject to the exception discussed below, the Department has authority to promulgate rules and regulations comparable to those found in 43 CFR 4.1290-4.1296. Such regulations would be consistent with, and conducive to the accomplishment of, the legislative purpose of 45 O.S. 786 [45-786](E) to allow recovery of claims for costs and expenses associated with administrative proceedings by establishing a reasonable procedure for the receipt and disposition of such claims as well as establishing reasonable guidelines for the award thereof. However, to the extent that the regulations allow for the assessment of costs or expenses against the Department, the same would extend the powers of the Department or the reviewing court beyond those granted in the statute. 45 O.S. 786 [45-786](E) does not expressly provide for the assessment of costs or expenses against the Department nor does the statute necessarily imply such authority. Indeed, the reasonable import of the language of the statute is to authorize the Chief Mine Inspector, in his discretion as an impartial arbiter for private litigants, to award costs and/or expenses to the prevailing party. Statutes providing for the waiver of the sovereign immunity of the State must be strictly construed. As stated in Morris v. State ex rel. Wolcott,88 Okl. 189, 212 P. 588 (1923): ". . . as a general rule the state is not bound by the provisions of a general statute, where the effect of such statute would be to restrict the rights of the state, to affect its interests or to impose liabilities upon it, unless it is named expressly or by necessary implication . . . . "This rule, which is of ancient origin and based upon the idea that the king is not bound by a statute unless named in it has been extended so as to apply to our national and state governments . . . . The presumption obtains that it was the legislative intent to exclude the state from the operation of a statute, unless the contrary clearly appears; this for the reason that laws are ordinarily made for the government of citizens and not of the state . . . ." Accordingly, it is the official opinion of the Attorney General that your question be answered as follows: The State Department of Mines has authority to enact rules and regulations consistent with 43 CFR 4.1290-4.1296 in an effort to implement 45 O.S. 786 [45-786](E) (1979) subject to the conclusion herein that the section does not authorize the assessment of costs or expenses against the Department. (BRENT S. HAYNIE) (ksg)