37 So.2d 515

## PHENIX CITY v. ALABAMA POWER CO.

### PHENIX NATURAL GAS CO. v. PHENIX CITY.

#### 4 Div. 500.

Supreme Court of Alabama.

Oct. 7, 1948.

Rehearing Denied Dec. 2, 1948.

Roy L. Smith, of Phenix City, for cross-appellant and appellee City of Phenix City.

W. A. Rose, B. A. Monaghan and White, Bradley, Arant & All, all of Birmingham, for appellant Phenix Natural Gas Co.

Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, for appellee.

LAWSON, Justice.

The appeal is from a decree rendered by the circuit court of Russell County, in equity, in a declaratory judgment proceeding.

No question is presented here as to the remedy, all parties desiring under the present procedure to have the merits of the case determined.—Alabama Gas Co. v. City of Montgomery, 249 Ala. 257, 30 So.2d 651; § 167, Title 7, Code 1940, as amended.

During the period continuously from January 1, 1936, to August 1, 1947, the Alabama Power Company was engaged in the City of Phenix City in the business of distributing and selling electricity and was also engaged in the business of distributing and selling natural gas.

As of August 1, 1947, the Alabama Power Company sold its gas distribution system in Phenix City to the Phenix Natural Gas Company and since that time the Alabama Power Company has not engaged in the business of selling and distributing natural gas in Phenix City, but has continued to sell and distribute electricity therein.

Phenix Natural Gas Company is a corporation, organized under the laws of this state by certificate of incorporation filed in the office of the probate judge of Russell County in May, 1947. Apparently there is no relationship or connection, corporate or otherwise, between the Alabama Power Company and the Phenix Natural Gas Company. By ordinance duly adopted and approved on July 8, 1947, the City of Phenix City granted to Phenix Natural Gas Company a franchise to sell natural gas within said city in consideration of an annual payment to be made by said company to the city. Having acquired the gas distribution system of the Alabama Power Company and having secured the franchise above alluded to, the Phenix Natural Gas Company began the sale and distribution of natural gas in Phenix City on August 1, 1947. It continued in that business during the remainder of 1947 and is still so engaged.

On December 16, 1947, the City of Phenix City duly adopted and approved its general license ordinance for the year 1948. That ordinance provided for a license or privilege tax on distributors of gas and electricity in paragraphs 73 and 74 of Section II. Paragraph 73, supra, was as follows: "73. Gas, each distributor of illuminating or heating gas, an amount equal to 3% of the gross sales of the year previous, * * *."

Paragraph 74, supra, read: "74. Electric light companies, each distributor of electricity 3% gross receipt tax."

Alabama Power Company on January 28, 1948, paid to the City of Phenix City the sum of $6,858.74 as a privilege or license tax for the privilege of engaging in the business of distributing and selling electricity in that city during the year 1948. Said sum was an amount equal to three per cent of the total gross receipts received by that company from the sale of electrical energy within the City of Phenix City during the calendar year of 1947. Such sum did not include an amount equal to three per cent of the sales of gas made by the Alabama Power Company to customers within that city from January 1, 1947, to August 1, 1947.

On January 30, 1948, the Phenix Natural Gas Company paid to the City of Phenix City the sum of $3,365.90. Of this sum $1,346.24 was the annual consideration for its franchise. The remainder, $2,019.36, was an amount equal to three per cent of the total gross receipts received by the Phenix Natural Gas Company from the sale of gas within the City of Phenix City from August 1, 1947, through December 31, 1947, the only period during the calendar year 1947 in which that company was engaged in the business of distributing and selling gas. Such sum did not include an amount

equal to three per cent of the sales of gas made by the Alabama Power Company to its customers within that city from January 1, 1947, to August 1, 1947. The said sum of $2,019.36 was paid as a privilege or license tax for the privilege of engaging in the business of distributing and selling gas in that city during the year 1948.

Thereafter, on February 24, 1948, the City of Phenix City amended its general license ordinance for the year 1948, which was adopted and approved on December 16, 1947, so as to make paragraphs 73 and 74 of Section II thereof read as follows:

"Paragraph 73: Gas distributing companies, whether by means of pipe line, or by tank, drum, tube, cylinder or otherwise shall pay a sum equal to 3% of the gross receipts of the business of such person or companies, within the city limits for the preceding year. This shall be in addition to any sums required to be paid by contract for franchise or otherwise to the City of Phenix City.

"Paragraph 74: Each electric light and power company engaged in the sale of electrical energy for light, heat or power within the corporate limits of the city of Phenix City, Alabama, shall pay an amount equal to 3% of the gross receipts of the business of such public utility in the municipality for the preceding year."

The City of Phenix City took the position that neither the Alabama Power Company nor the Phenix Natural Gas Company had paid the proper amount due for their respective licenses for the year 1948. As to the Alabama Power Company, the City took the position that although during the year 1948 the company only sought a license to sell and distribute electric energy, nevertheless during the year 1947 or a part thereof it had also been engaged in the business of selling and distributing gas and, therefore, the amount which it should pay for its 1948 license to sell and distribute electric energy should be computed on the gross receipts received from the sale not only of electric energy during 1947 but from the sale of natural gas as well.

As to the Phenix Natural Gas Company, the City took the position it should pay for its 1948 license to sell and distribute natural gas an amount equal to three per cent of the gross sales of natural gas made by that company within the city during 1947, plus an amount equal to three per cent of the gross sales of natural gas made by the Alabama Power Company in that city during 1947.

The two companies took the position that the amount of the license which they had already paid was all that was due by them. Thereupon the City of Phenix City on March 12, 1947, filed in the circuit court of Russell County, in equity, its petition for declaratory judgment, seeking to have that court determine the amount of the license due by the two companies, who were made parties defendant. The companies separately answered the bill of complaint.

Counsel for the respective parties entered into a stipulation, part of which is as follows:

"By ordinance duly adopted and approved on July 8, 1947, the City of Phenix City granted to Phenix Natural Gas Company a franchise to sell natural gas within the corporate limits in consideration of an annual payment to be made by the Phenix Natural Gas Company to the complainant as therein stipulated. There is no dispute among the parties as to the obligation for, and the manner of calculation of the annual payment so required, and the City of Phenix City acknowledged that it has received payment in full of the annual payment required under said ordinance for the year 1948.

"The sole issues in this case are:

"(1) Is the Alabama Power Company legally obligated to pay to the City of Phenix City for a license to sell in said city during 1948 electric energy for light, heat and power any amount in excess of 3% of the said Alabama Power Company's gross receipts from the sale in said city during 1947 of electric energy for said purposes: that is to say, should Alabama Power Company be required to pay for such electric license an amount equal to 3% of the gross utility receipts of said Alabama Power Company in the city of Phenix City from all sources during the year 1947?

"(2) Is Phenix Natural Gas Company legally obligated to pay the City of Phenix

City, for a license to distribute gas in said city during 1948, any amount in excess of 3% of the said Phenix Natural Gas Company's gross receipts from the sale of such gas in said city during 1947: That is to say, should Phenix Natural Gas Co. be required to pay for such gas license an amount equal to 3% of the gross receipts derived by Alabama Power Co. from the sale of natural gas in said City from Jan. 1, 1947 to Aug. 1, 1947, in addition to the license tax heretofore paid by said Phenix Natural Gas Co.?"

In its decree the trial court discharged the Alabama Power Company, in effect holding that it had paid the proper amount due by it for a license to sell and distribute electric energy in Phenix City during 1948. In effect the trial court held that such company had to pay for such a license an amount equal only to three per cent of its gross receipts received from the sale of electricity in Phenix City during 1947. In other words, the trial court held that the gross receipts received by the Alabama Power Company from the sale of gas in Phenix City during 1947 did not have to be taken into consideration in determining the amount of the license or privilege tax to be paid by that company for the privilege of selling and distributing electricity in Phenix City during 1948.

As to the Phenix Natural Gas Company, the trial court held that it had not paid the correct amount due for a license to sell and distribute gas in Phenix City during 1948. The amount of such license was held to be a sum equal to three per cent of the gross receipts received by that company from the sale of gas during that part of 1947 that it was so engaged in Phenix City, plus three per cent of the gross receipts received from the sale of gas within the city by the Alabama Power Company during that part of 1947 that said last-mentioned company was engaged in the business of selling and distributing gas in Phenix City. The trial court then proceeded to render a judgment in favor of the City of Phenix City against the Phenix Natural Gas Company in the amount of $3,961.85, with interest from February 15, 1948, at the rate of six per cent per annum until paid. The said sum of $3,961.85 is three per cent of the gross receipts received by the Alabama Power Company from the sale and distribution of gas in Phenix City from January 1, 1947, through July 31, 1947. As heretofore indicated, Phenix Natural Gas Company had already paid to the city a sum equal to three per cent of the gross receipts received by it from the sale of natural gas in said city from August 1, 1947, through December 31, 1947.

The City of Phenix City has appealed from the decree of the trial court in so far as it discharged the Alabama Power Company. Phenix Natural Gas Company has appealed from the judgment rendered against it, which judgment was based on the conclusion reached by the trial court that that company should pay for its 1948 license to sell and distribute gas in Phenix City an amount equal to three per cent of the gross receipts received by it and the Alabama Power Company from the sale of gas in the said city during 1947.

Both appeals are presented to this court on the same record and were submitted and argued together. Both will be treated in this opinion.

■ The power of a municipality to license a business or occupation can be exercised only where it is plainly conferred by the State, either in express terms or by necessary implication.—Alabama Gas Company v. City of Montgomery, supra, and cases cited.

Consequently we are not here concerned with what the City of Phenix City intended to require of these utilities in enacting the license provisions heretofore set out. The question is, has the legislature authorized Phenix City to enact a license or privilege tax from these companies computed in the manner insisted upon by the City.

■ Such authority, if it exists, must be found in § 745, Title 37, Code of 1940, as amended, which is as follows:

"The maximum amount of privilege or license tax which the several municipalities within the state may annually assess and collect of persons, operating (electric, hydro-electric) street railroad, electric light and power companies, gas companies, water

works companies, pipe line companies for transporting or carrying gas, oil, gasoline, water or other commodities, gas distributing companies whether by means of pipe lines or by tanks; drums, tubes, cylinders, or otherwise, heating companies or other public utility, incorporated under the laws of this state or any other state, or whether incorporated at all or not, except telephone and telegraph companies, railroad and sleeping car companies, and express companies which are otherwise licensed, shall not exceed three percent of the gross receipts of the business of such persons, in the municipality for the preceding year. Provided that this shall not affect any existing contract, between any municipality and any public utility operating therein, except those provisions of contracts which relate to the amount or basis of the license tax imposed by municipalities on such utilities."

We are in accord with that part of the decree of the trial court discharging the Alabama Power Company. In 1947 the Alabama Power Company was engaged in two businesses in the City of Phenix City. One, the business of selling and distributing electricity, the other the business of selling and distributing gas. They were separate and distinct enterprises, having no relation to each other except that the same corporation operated them. The effect of the argument of the City of Phenix City is that where one corporation or one person operates two separate and distinct utilities dealt with in § 745, Title 37, Code of 1940, as amended, in a given year, a municipality is authorized by that section to require the owner or operator to pay for the privilege of engaging in each of those businesses during the following year a license or privilege tax of as much as three per cent of the gross receipts received from the operation of both businesses during the preceding year. By way of illustration, a company in 1947 was engaged in the sale and distribution of electricity in a city. In that year it is engaged also in the business of selling and distributing gas. It desired to continue to operate both businesses in the same city in 1948. If the insistence made here by the City of Phenix City is correct, the municipality could under § 745, Title 37, as amended, have required the company to pay for its license to sell and distribute electricity a sum equal to three per cent of the gross receipts received from both businesses and could have required the same amount to be paid for the privilege of selling and distributing gas within the city. Clearly such was not the legislative intention.

The fact that the Alabama Power Company did not seek a license to sell and distribute gas in Phenix City during 1948 has no bearing on the question. It did desire to continue its business of selling and distributing electricity in said city and paid to the City for the privilege of doing so a sum equal to three per cent of the gross receipts received from that business during 1947. That was all the City of Phenix City was authorized to exact for that privilege under the provisions of § 745, Title 37, Code of 1940, as amended.

We might add that the record shows that until this controversy arose Phenix City had always considered these two businesses as being separate and distinct and had never attempted to require the Alabama Power Company to pay for the privilege of engaging in one of the businesses a license or privilege tax computed on the gross receipts of the two businesses.

The decree of the lower court is affirmed in so far as it discharged the Alabama Power Company.

We come now to the appeal by Phenix Natural Gas Company which presents for our review that part of the decree of the lower court holding that under § 745, Title 37, as amended, supra, the City of Phenix City could legally require Phenix Natural Gas Company to pay for a license to sell and distribute gas in that city during 1948, an amount equal to three per cent of the gross receipts received by it and the Alabama Power Company from the sale and distribution of gas in said city during 1948.

As here pertinent § 745, Title 37, as amended, supra, provides:

"The maximum amount of privilege or license tax which the several municipalities within the state may annually assess and collect of persons, operating * * * gas

distributing companies * * * shall not exceed three percent of the gross receipts of the business of *such persons*, in the municipality for the preceding year. * * *" (Emphasis supplied.)

The trial court in its decree rendered in this cause held that the words "such persons" as used in the statute just quoted from "simply means, 'such utilities as did business the preceding year in the City, regardless of name or ownership.'"

 This is a taxing statute and it is a rule of construction that taxing statutes are to be strictly construed against the taxing power.—Gotlieb v. City of Birmingham, 243 Ala. 579, 11 So.2d 363.

We are persuaded that a consideration of the applicable rules of construction must lead to a conclusion contrary to that of the trial court. We do not think that it is proper to read into the statute something which the legislature did not include although it could have done so very easily if it had so desired. It did do so in so far as the license tax which gas distributing companies are required to pay to the State. Section 177, Title 51, Code of 1940, provides in pertinent part as follows:

"For each person, operating a public utility, such as * * * gas distributing companies * * * shall pay to the state a license tax equal to two mills on each dollar of gross receipts of such public utility in this state for the preceding year. For the first year's business (1) *where an existing public utility is taken over, such license tax payable to the state shall be equal to two mills on each dollar of the gross receipts for the preceding year of the public utility taken over, less whatever sum the prior operators have paid as such license tax on the gross receipts for that year.* * * *" (Emphasis supplied.)

The provisions relating to the state license codified in § 177, Title 51, supra, and the provisions relating to the municipal license codified as § 745, Title 37, as amended, supra, have in respects here material been parts of our statutory law since 1919. The provisions of these two sections were included in the same schedule of 1919 General Revenue Act. General Acts 1919, pp. 282, 427, Schedule 89, § 361. Under the terms of Schedule 89 of § 361 of the 1919 Act the gross receipts of the "utility taken over" were to be considered in the computation of the amount of license tax to be paid the state. But although the legislature in the same section authorized municipalities to exact a license tax from the utilities therein named based on previous year's gross receipts, there was no provision for taking into consideration the gross receipts of another utility which had been "taken over" by the utility seeking the license. This distinction has been maintained to this date. If a change should be made it is a matter for the legislature, not the courts.

It is apparent from what we have said that the Phenix Natural Gas Company has paid the proper amount due by it for the privilege of engaging in the business of selling and distributing gas in the City of Phenix City during the year 1948. It follows that the trial court erred in rendering a judgment against that company in any amount and the decree in that respect is reversed and one will be here rendered in its favor.

Affirmed in part, and in part reversed and rendered.

BROWN, FOSTER and STAKELY, JJ., concur.