564

60 So.2d 144

**STATE v. PROGRESSIVE FARMER CO.**

**3 Div. 612.**

Supreme Court of Alabama.

June 30, 1952.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for appellant.

White, Bradley, Arant, All & Rose, Birmingham, for appellee.

LAWSON, Justice.

The State Department of Revenue entered a final assessment against The Progressive Farmer Company, a corporation, sometime hereinafter referred to as the taxpayer, for use tax. From this final assessment the taxpayer appealed to the circuit court of Montgomery County, in equity, pursuant to Title 51, § 140, Code 1940.

The circuit court of Montgomery County, in equity, entered a decree vacating the major part of the final assessment against the taxpayer by the Department of Revenue. From that decree the State of Alabama has appealed to this court.

Taxpayer is engaged in the business of publishing the farm magazine known as The Progressive Farmer. The assessment entered by the State Department of Revenue was against property purchased by the taxpayer for use in such business.

■ It was the contention of the taxpayer that in publishing The Progressive Farmer it was engaged in compounding, processing or manufacturing tangible personal property and that a large part of the items of personal property against which the assessment was entered was machines used therein and hence exempt from use tax by virtue of the provisions of subsection (p), § 789, Title 51, Code 1940, as amended. The trial court upheld this contention.

The facts in this case are not materially different from those in the case of State of Alabama v. Advertiser Co., Inc., ante, p. 423, 59 So.2d 576, wherein we upheld a similar holding of the circuit court of Montgomery County, in equity. We adhere to that holding.

■ As to certain other items upon which the tax was assessed, taxpayer contended that no tax was due thereon for the reason the items entered into and became ingredient or component parts of the tangible personal property which it manufactured or compounded for sale and, hence, the sale of such items to taxpayer constituted a "wholesale sale" as that term is defined by subsection (d) of § 787, Title 51, Code 1940, and therefore exempt from use tax. It seems to have been admitted that these items did enter into and become an ingredient or component part of the magazine. The State's insistence that tax was due thereon was based upon its contention that taxpayer was not a manufacturer or

compounder of tangible personal property. As before shown, we are not in accord with this contention of the State.

The decree of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.