63 So.2d 796

## STATE v. OLAN MILLS, INCORPORATED OF TENNESSEE.

### 3 Div. 622.

Supreme Court of Alabama.

Aug. 27, 1952.

Rehearing Granted Jan. 19, 1953.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for appellant.

Drayton N. Hamilton, Montgomery, and Jos. Van Derveer and Graham & Van Derveer, Chattanooga, Tenn., for appellee.

SIMPSON, Justice.

This is an appeal by the State from a final decree of the circuit court of Montgomery County, in equity, vacating an assessment made by the Department of Revenue of Alabama against appellee taxpayer for use tax. The question for decision is whether the film used by appellee in making photographs or pictures is subject to a use tax or whether the film is nontaxable within the terms and definition of subdiv. (d), Sec. 787, Tit. 51, Code 1940.

The use tax was imposed by the legislature as a complement to the sales tax so that resident taxpayers in the state acquiring by purchase or otherwise goods and chattels at retail without the state might be subject to tax for the use and consumption of said articles within the state. State of Alabama v. Advertiser Co., 257 Ala. 423, 59 So.2d 576; Layne Central Co. v. Curry, 243 Ala. 165, 8 So.2d 839.

Tangible personal property purchased at wholesale is not subject to the tax. The trial court held that such was the status of the property under consideration, in consonance with the contention advanced by appellee. Such sales are thus defined by the subdivision of the Code section, *supra:*

"(d) The term 'wholesale sale' or 'sale at wholesale' means a sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and does not include a sale by wholesalers to users or consumers not for resale. The term 'wholesale sale' shall include a sale of tangible personal property or products (including iron ore) to a manufacturer or compounder which enters into and becomes an ingredient or component part of the tangible personal property or products which he manufactures or compounds for sale, and the furnished container and label thereof."

The question for decision is whether or not appellee is a "manufacturer or compounder" in the production or manufacture of pictures and if so, whether the film used in making the finished product which is sought to be taxed "enters into and becomes an ingredient or component part of the tangible personal property or products" appellee manufactures.

In holding to the affirmative of the question on a hearing orally before the court, the learned judge made a finding of facts and rendered an opinion illustrative of the decree, which will appear in the report of the case. We are in accord with that opinion and decree.

Our recent cases of State v. Advertiser Co., supra, and State v. Progressive Farmer Co., Ala.Sup., 60 So.2d 144,[1] confirm the correctness of the decree. These cases hold that the publishing of a newspaper is compounding, processing and manufacturing within the terms of the use tax act and that printer's ink used in printing the newspaper and forming a substantial part of the assessment became "absorbed in and is an ingredient or component part of the paper itself" [59 So.2d 581] and was nontaxable. The opinion in the Advertiser case refers to many previous decisions which we think illustrate the soundness of that holding and point to the correctness of the decree in the instant case.

That these two cases, *ubi supra,* make it conclusive that the production of photographs in the manner stated constitutes manufacturing within the terms of the quoted provision of the statute is beyond question. The definition of manufacturing and processing given in the opinion of the court in the instant case is likewise apt. The Advertiser case, quoting from Curry v. Alabama Power Co., 243 Ala. 53, 8 So. 2d 521, and Webster's New International Dictionary, appropriately defined the terms pertinent here as follows:

"(Manufacturing) 'Making of anything by hand or artifice, or the process of making anything by the art of reducing materials into a form fit for use, by the hand or by machinery, or the

1. 257 Ala. 564.

production of articles for use from raw or prepared materials, by giving such materials new forms, qualities, properties, or combinations, whether by hand labor or by machinery.'

"* * * Webster's New International Dictionary, * * * 'processing' * * *:

"'* * * d. to produce or copy by photo-mechanical methods; to develop, fix, wash and dry, or otherwise treat (an exposed film or plate).'"

Cases to the opposite effect cited by aplant, such as City of Lexington v. Lexington Leader Co., 193 Ky. 107, 235 S.W. 31, 33, holding that a publisher of a newspaper is not "engaged in manufacturing" within the tax statutes there construed cannot be considered of any force to a different conclusion here in the light of our own recent decisions. It is perhaps well to mention, as was mentioned in the Advertiser case, that we are dealing with a particular statute which is not identical with the statutes construed in the other cases cited by appellant. We think our cases point so clearly to the conclusion reached that we will not here attempt to rationalize a distinction.

Also that the film used in the production or manufacture of photographs became an ingredient or component part of the product manufactured is reasonably to be concluded from a consideration of the quoted section of the use tax act, just as printer's ink used in the printing of a newspaper was so construed in the Advertiser case, and as various chemicals entering into the manufacture of pulp and paper from sap pine was so construed in our case of State v. Southern Kraft Corp., 243 Ala. 223, 8 So.2d 886. Though the film, after having been developed into the negative, does not altogether lose its identity, its properties by the process described in the opinion of the trial court have entered into and become a component part of the finished product. It is thereafter worthless for any other use and and in our view comes within the quoted definition of a wholesale sale. The fact that the entire film did not enter into and become a component part of the finished product impresses us as of little moment. Undoubtedly the same was true of the print-

er's ink in the manufacture of the newspaper and the chemicals in the making of the pulp.

One other principle will be adverted to as persuasive to the result attained. That is, appellee has been transacting similar operations in this state for a period of some ten years with no effort having been made by appellant to exact payment of the tax. While such inaction on the part of the State is not conclusive against the assessment, such administrative construction must be looked upon as importing some favor toward the taxpayer. As was said in Jones v. Johnson, 240 Ala. 357, 361, 199 So. 539, 542:

"* * * the administrative construction given by the highest officials charged with the duty of administration of tax laws should be given favorable consideration by the courts especially if such construction has stood unchallenged for considerable time."

Appellant argues that subdiv. (d), Sec. 787, Title 51, is an exemption from the use tax act and therefore should be strictly construed against the taxpayer. The contention cannot be sustained. Subdiv. (d) provides for no exemption from the sales tax. That provision deals with coverage, not with exemptions. State v. Southern Kraft Corp., supra, 243 Ala. 223, 227, 8 So.2d 886. The provision exempting uses from the tax is Sec. 789 of the title. Hence the rule of construction called for is that the stated provision of the statute is to be construed strictly against the taxing power, with favor indulged toward the taxpayer. Phenix City v. Alabama Power Co., 251 Ala. 403, 37 So.2d 515; Gotlieb v. City of Birmingham, 243 Ala. 579, 11 So.2d 363.

So considered, the doubt, if one, is resolved in favor of the appellee.

We find no error in the decree.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.

## On Rehearing

LAWSON, Justice.

We see no occasion to pass on the question of whether appellee is a manufacturer

or compounder. Conceding, without deciding, such to be the case, we do not think the evidence supports the finding that the film became an ingredient or component part of the finished product.

The evidence shows that after the films are exposed they are then developed by use of chemicals. This process results in producing what is termed a "negative," on which appears the image of the object which was before the camera when the film was exposed. Then comes what is termed the printing process, whereby the image from the negative is transferred to sensitized paper. Light, which is held above the negative, passes through it and causes the silver "halides" in the emulsion on the sensitized paper to change color, thereby producing a positive image on the paper from the negative. The sensitized paper is then treated chemically in order to bring out the image which has been placed thereon by means of the printing process. When so "printed" the sensitized paper is called the proof. None of the physical qualities of the negative remain in or on the sensitized paper. When the film is once exposed, it cannot be used for the purpose of placing thereon another image, but the negative as developed can be repeatedly used in the printing of the image which appears thereon.

The authorities cited in the original opinion are distinguishable on the facts from the instant case.

Even if it be conceded that appellee is a manufacturer or compounder and that the film becomes an ingredient or component part of the finished product, we hold that the judgment should be reversed.

In our opinion the provisions of subd. (d) of § 787, Title 51, Code 1940, have application only where the manufacturing or compounding is done in this state. A part of the tax included in the assessment here involved is on the use of films in this state by the exposure thereof, but where all other acts connected with the production of the photographs were performed in the State of Tennessee.

Application for rehearing granted, judgment of affirmance set aside, and judgment of the trial court reversed and one will be rendered here for the amount of the assessment made against appellee by the Department of Revenue of the State of Alabama.

LIVINGSTON, C. J., and BROWN and GOODWYN, JJ., concur.

FOSTER, J., is of the opinion that the appellee is a manufacturer or compounder and that the films enter into and become an ingredient or component part of the tangible personal property or products which appellee produces. He concurs in the reversal of the judgment of the trial court, however, on the ground that taxpayer is liable for use tax on those films used in this state but developed or otherwise processed in the State of Tennessee.

SIMPSON and STAKELY, JJ., adhere to the views expressed in the opinion prepared on original submission and therefore dissent.