79 So.2d 40

**M. Lloyd HOLLOWAY (Holloway Supply)**

**v.**

**STATE.**

**3 Div. 679.**

Supreme Court of Alabama.

March 10, 1955.

Rehearing Denied April 7, 1955.

Maurice F. Bishop, Birmingham, and John A. Bostwick, Jr., Guntersville, for appellant.

Si Garrett, Atty. Gen., and H. Grady Tiller, and Willard W. Livingston, Asst. Attys. Gen., for appellee.

Robt. S. Gordon, Charles C. Cleveland, Albert Boutwell and Ida D. Rosenthal, Birmingham, amici curiae, in behalf of appellant.

LAWSON, Justice.

The ultimate question for decision is whether use tax is due the State of Ala-

bama by appellant on chicken feed and medicine used in the raising of chickens in this state during a period beginning April 1, 1949, and ending December 3, 1951.

On August 14, 1952, the State Department of Revenue entered a final assessment against appellant, M. Lloyd Holloway, individually, and doing business as Holloway Supply. The final assessment was for the period of time mentioned above and was in the amount of $4,555.75, which amount includes interest and penalty.

Within thirty days thereafter, appellant, the taxpayer, filed notice of appeal to the circuit court of Montgomery County, in equity, and executed supersedeas bond, which was approved. See § 140, Title 51, Code 1940.

On September 11, 1952, appellant filed a bill in equity in the circuit court of Montgomery County assailing the validity of the assessment entered against him on August 14, 1952. The prayer of the bill was, in effect, that the said assessment be held invalid and set aside.

■ Thereupon the State demurred to the bill, which is the proper method in a case of this kind to raise an issue of law on the facts alleged. State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d 342; Merriwether v. State, 252 Ala. 590, 42 So.2d 465, 11 A.L.R.2d 918.

It appears from the bill and exhibits thereto that during the time covered by the assessment, appellant was engaged in the "broiler" business at Bowdon, Georgia, which town is located close to the Alabama-Georgia line and not far from Cleburne County, Alabama. Appellant purchased "baby chicks" and delivered them to farmers in Alabama. The farmers cared for and raised the "baby chicks" for a period of six to eight weeks until they reached the broiler or fryer stage, when appellant sold the chickens to various processing plants in Alabama. In addition to their services, the farmers furnished the necessary chicken houses. The appellant furnished all feeds, medical supplies and insurance. For their services the farmers received from appellant five cents for each chicken raised plus one-half of the profits.

The assessment of the State Department of Revenue here under attack was for use tax computed and based upon feed and medicine purchased by appellant outside of Alabama and used by him and Alabama farmers in accordance with the arrangement outlined above.

■ The use tax was imposed by the legislature as a complement to the sales tax and applies to tangible personal property purchased at retail and is imposed on its storage, use or consumption in this state. § 788, Title 51, Code 1940, as amended. It does not apply to "a wholesale sale" or to a "sale at wholesale" as those terms are defined in subsec. (d) of § 787, Title 51, Code 1940, which subsection reads: "The term 'wholesale sale' or 'sale at wholesale' means a sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and does not include a sale by wholesalers to users or consumers not for resale. *The term 'wholesale sale' shall include a sale of tangible personal property or products (including iron ore) to a manufacturer or compounder which enters into and becomes an ingredient or component part of the tangible personal property or products which he manufactures or compounds for sale, and the furnished container and label thereof."* (Emphasis supplied.) In Paramount-Richards Theatres v. State, 256 Ala. 515, 55 So.2d 812, 821, we said: "If there is no retail sale there is no taxable event under the Sales Tax or Use Tax Act." See State v. Advertiser Co., 257 Ala. 423, 59 So.2d 576.

The argument advanced by appellant in brief filed on submission of this cause in support of his claim of invalidity of the assessment made against him is that the sales to him outside of this state of feed and medicine were wholesale sales within the meaning of the part of subsec. (d) of § 787, Title 51, supra, which we italicized above and, therefore, not subject to the use tax.

440

We quote from that brief:

"The appellant simply takes a product of nature—a 'baby chick'—and to this product he gives feed and medicinal supplies when needed, until the 'baby chick' has assimilated enough of this feed to reach the broiler or fryer stage. We submit that the appellant compounds within the meaning of the statute the 'baby chick'. If not, then what does he do?

"Certainly, the products in question 'enters into and becomes an ingredient or component part of the tangible personal property'—the broiler or fryer. If the products in question did not enter and become an ingredient or component part, then the 'baby chick' would die. The products in question become a part of the 'baby chick', inasmuch as the feed is changed by nature and converted into flesh. * * *"

The able briefs filed amicus curiae, which support the position taken by appellant, have been carefully considered. They demonstrate much study and ingenuity, but we cannot agree with the position taken therein.

We have held that subsec. (d) of § 787, Title 51, Code 1940, deals with coverage, not with exemptions, and is to be construed strictly against the taxing power, with favor indulged toward the taxpayer. State v. Olan Mills, Inc., 258 Ala. 303, 63 So.2d 796; State v. Southern Kraft Corp., 243 Ala. 223, 8 So.2d 886. But see State v. Wertheimer Bag Co., 253 Ala. 124, 43 So. 2d 824.

■ But the rule that taxing statutes are to be construed strictly against the state and in favor of the taxpayer does not impinge upon the all-prevailing rule that a statute is to be construed in accordance with its real intent and meaning, and not so strictly as to defeat the legislative purpose. National Linen Service Corp. v. State Tax Commission, 237 Ala. 360, 186 So. 478; Dixie Coaches, Inc., v. Ramsden, 238 Ala. 285, 190 So. 92; Ingalls Iron Works Co. v. City of Birmingham, 248 Ala. 417, 27 So.2d 788; Alabama-Georgia Syrup Co. v. State, 253 Ala. 49, 42 So.2d 796. The plain language and intent of the statute must be given effect. State v. Seals Piano Co., 209 Ala. 93, 95 So. 451. There is another generally accepted canon of statutory construction, which is that where there is nothing to indicate to the contrary, words in a statute will be given the meaning which is generally accepted in popular, everyday usage. Pullman-Standard Car Mfg. Co. v. State, 253 Ala. 638, 46 So.2d 500.

■ Without lengthening this opinion, it is sufficient to say that we are of the opinion and hold that the language of subsec. (d) of § 787, Title 51, does not afford the appellant any relief because his business was not that of a "manufacturer or compounder" within the meaning of the language there used.

The conclusion here reached finds support in the cases hereafter cited from courts of other states. Teague v. Scurlock, Ark., 265 S.W.2d 528; Colbert Mill & Feed Co. v. Oklahoma Tax Commission, 188 Okl. 366, 109 P.2d 504; Salt Lake Union Stock Yards v. State Tax Comm. of Utah, 93 Utah 166, 71 P.2d 538.

The fact that the legislature has subsequently seen fit to exempt feed from the sales tax and the use tax does not reflect upon the conclusion here reached.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.