I respectfully dissent from the opinion of the majority of the court. The majority holds "that the testimony of the psychiatrist was `privileged'" under Code 1975, § 34-26-2. I would affirm the decision of the trial court, which interpreted the legislative intent to be that only psychologists were included in the privilege established by § 34-26-2 and not psychiatrists.
Code 1975, § 34-26-2, the statute which the instant case turns on, reads as follows:
 For the purpose of this chapter, the confidential relations and communications between licensed psychologist and client are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed. (Acts 1963, No. 535, p. 1147, § 14.)
Code 1975, § 34-26-2.
It is well established in this state that words in common usage are to be given their natural and commonly understood meaning in the absence of a statutory or well established technical meaning to the contrary. Department of IndustrialRelations v. Little Manufacturing Co., 253 Ala. 416,44 So.2d 587 (1950); Holloway v. State, 262 Ala. 437, 79 So.2d 40
(1955); Adams v. Mathis, 350 So.2d 381 (Ala. 1977). I know of no statutory or well established technical meaning of the word "psychologist" which embraces the term "psychiatrist." I believe that the legislature intended to protect psychologists by enacting § 34-26-2 and that if the legislature had intended the privilege to extend to psychiatrists, it would have used the word "psychiatrist" in the statute.
The majority relies on § 34-26-1 as evidence that the legislature intended to protect psychiatrists when it enacted the privilege for psychologists.
Section 34-26-1 (b) reads in pertinent part:
 Nothing in this definition shall be construed as permitting the use of those forms of psychotherapy which involve the administration or prescription of drugs or electro-shock or in any way infringing upon the practice of medicine as defined in the laws of this state. THE PSYCHOLOGIST WHO ENGAGES IN PSYCHOTHERAPY MUST ESTABLISH AND MAINTAIN EFFECTIVE INTERCOMMUNICATION WITH A PSYCHOLOGICALLY ORIENTED PHYSICIAN, USUALLY A PSYCHIATRIST, TO MAKE PROVISION FOR THE DIAGNOSIS AND TREATMENT OF MEDICAL PROBLEMS BY A PHYSICIAN WITH AN UNLIMITED LICENSE TO PRACTICE THE HEALING ARTS IN THIS STATE. A psychologist must not attempt to diagnose, prescribe for, treat or advise a client with reference to problems or complaints falling outside the boundaries of psychological practice.
Code 1975, § 34-26-1 (b) (emphasis supplied).
I believe the legislative intention in enacting the above statute was to prevent the psychologist from extensively practicing medicine in fields which are beyond the limited practice for which he is licensed. In other words, the policy behind the above statute was to protect the public from the *Page 1164 
unauthorized practice of medicine by one with a limited license to practice. I do not believe the legislature would create a privilege for psychiatrists in such a round-about manner.
The fact that the legislature had no intention to include psychiatrists within the privilege afforded to psychologists is evidenced by the fact that the legislature this year deemed it necessary to enact a specific privilege for psychiatrists:
 For the purpose of this chapter, the confidential relations and communications between licensed psychologists and licensed psychiatrists and clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.
Acts of Alabama 1979, Act No. 609.
The legislature's purpose in enacting the new statute was, as provided in the new Act, "To amend Section 34-26-2, Code of Alabama 1975, which relates to confidential relations and communications between licensed psychologists and their clients, so as to include psychiatrists within this privilege." Acts of Alabama 1979, Act No. 609. Surely, the legislature would not deem it necessary to amend § 34-26-2 to include psychiatrists if the act as originally written extended the privilege to psychiatrists as well as psychologists.
MADDOX and ALMON, JJ., concur.