**KINGSPORT PUBLISHING CORPORATION, Plaintiff-Appellee,**

v.

**Martha B. OLSEN, Commissioner of Revenue, State of Tennessee, Defendant-Appellant.**

Supreme Court of Tennessee, at Knoxville.

April 2, 1984.

David W. Blankenship, Kingsport, for plaintiff-appellee.

J. Robert Walker, Asst. Atty. Gen., Nashville, for defendant-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

In this action the plaintiff seeks to recover a refund of use taxes paid upon certain items of personal property which it used in publishing its newspapers for sale at retail.

The contested taxes were paid under protest. The plaintiff contends and the trial court decreed that the use taxes in question were assessed and paid upon items of personal property falling within the exemption provided by T.C.A., § 67–3002(c)(2), which is as follows:

"The terms 'sale at retail,' 'use,' 'storage,' and 'consumption' shall not include the sale, use, storage or consumption of industrial materials and explosives for future processing, manufacture or conversion into articles of tangible personal property for resale where such industrial materials and explosives become a component part of the finished product or are used directly in fabricating, dislodging, sizing, converting, or processing such materials or parts thereof, and such terms shall not include materials, containers, labels, sacks, bags or bottles used for packaging tangible personal property when such property is either sold therein directly to the customer or when such use is incidental to the sale of such property for resale."

The defendant contends that the exemption does not apply because the contested items did not "become a component part of the finished product" and were not "used directly" in processing industrial materials for the finished product.

■ The governing rule of construction in this context is that exemptions in tax statutes are strictly construed against the taxpayer. *Phillips & Buttorff Mfg. Co. v. Carson*, 188 Tenn. 132, 217 S.W.2d 1 (1949); *Shearin v. Woods*, Tenn., 597 S.W.2d 895 (1980). Indeed, we have said that "the burden is on the taxpayer to establish his exemption; every presumption is against it and a well founded doubt is fatal to the claim." *Woods v. General Oils, Inc.*, Tenn., 558 S.W.2d 433, 435 (1977); *Hamilton Nat. Bank v. McCanless*, 176 Tenn. 570, 144 S.W.2d 768 (1940). Thus, strictly construing an exemption from a use tax of materials which become a component part of a finished manufactured product, it has been held that to make out the exemption it is necessary that the materials have actually gone into the finished product as an ingredient or component, that such an exemption applies only to such personal property as has been chemically or mechanically incorporated into the finished product. *See,* 68 Am.Jur.2d at 298–99 *Sales and Use Taxes* § 225 and cases there cited (1973).

■ The facts in the instant case are not disputed; but, the parties disagree on the application of the law to those facts. One category of items in controversy consists of graphs and charts purchased by the plaintiff for use in illustrating news stories, for example, a chart of the Consumer Price Index that may be used in the newspapers to illustrate a story regarding the cost of living or inflation. Such graphs and charts are incorporated into the finished product newspaper by a photographic process whereby the image is transferred from the original source material to the ultimate printed page. A similar contested item consists of "advertising books" which contain pictures of items that are advertised for sale in the plaintiff's newspapers, such pictures being incorporated into the newspaper by transferring the images, photographically, from the original "advertising book" source onto the printed page of the newspaper. It often occurs that not all of the illustrations contained in an "advertising book" are used by the newspaper publisher before a new book is acquired and the old one must be discarded. A somewhat similar issue arose in *State v. Olan Mills, Incorporated of Tennessee,* 258 Ala. 303, 63 So.2d 796 (1952). In that case it was held that film used in taking and printing photographs does not enter into and become an ingredient of the finished photograph since the physical qualities of the negative are not transferred to the printing paper and can be used over indefinitely. *Cf.: Standard Packaging v. Com'r of Revenue,* Minn., 288 N.W.2d 234 (1979). Giving the exemption the strict construction that we are required to do, we hold that these graphs and charts and "advertising books" and any other items which are incorporated into the finished product newspaper by means of transferring images

photographically or by some similar process do not become component parts of the finished product and are not used "directly in fabricating ... converting, or processing" of industrial materials within the meaning of the exemption statute.

Another category of contested items consists of news source material such as the Congressional Quarterly and other publications purchased from federal, state and other agencies. Such publications are used by the plaintiff publisher as source material and information needed for "... the preparation of a story or for charts or pictures, photographs." We think it clear that such materials do not become component parts of the finished product newspaper and neither are they directly used in fabricating or processing that finished product. Hence, the exemption claimed for these items must be denied.

Finally, exemption is claimed for a chemical, called "blanket wash," which is used daily to clean the printing presses with which the newspapers are printed and for the cost of repairs to the typesetting and press equipment. In this regard it is our conclusion that under the holding in *Phillips & Buttorff Mfg. Co. v. Carson, supra,* it must be held that these items were only indirectly, not directly, used by the plaintiff in producing its newspapers and, therefore, do not come within the exemption claimed. It was there held that "directly" means "in direct contact with and without the intervention of any person or thing." 188 Tenn. at 141–42.

The decree of the Chancellor is reversed and the complaint is dismissed; costs incurred upon appeal are taxed against the plaintiff-appellee.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.