IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2001 Session

# BELLSOUTH ADVERTISING AND PUBLISHING COMPANY v. RUTH JOHNSON, COMMISSIONER OF REVENUE, STATE OF TENNESSEE

Appeal from the Chancery Court for Davidson County
Nos. 97-2643-II and 98-748-I(II)     Claudia Bonnyman, Special Chancellor

No. M2000-03091-COA-R3-CV - Filed March 19, 2002

The State Commissioner of Revenue imposed a use tax on the cost price of telephone directories produced in Alabama and distributed in Tennessee by BellSouth Advertising and Publishing Company ("BAPCO").  BAPCO claimed a credit for sales taxes it paid in Alabama when it purchased the photocompositions used to print the directories.  The Chancery Court of Davidson County granted summary judgment to the Commissioner.  We affirm the lower court's decision because BAPCO did not show that it was entitled to the credit and the Tennessee use tax in this case does not violate the Commerce Clause of the United States Constitution.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and J. S. DANIEL, SP.J. joined.

James W. McBride, Washington, D.C. and Brigid M. Carpenter, Nashville, Tennessee, for the appellant, BellSouth Advertising and Publishing Company.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Russell S. Baldwin, Assistant Attorney General, for the appellee, Ruth Johnson, Commissioner of Revenue, the State of Tennessee.

**OPINION**

**I.**

BellSouth Advertising and Publishing Company, a Georgia company, publishes telephone directories and distributes them to telephone customers without charge.  The source of revenue from the publication of the directories is the sale of advertising.  When creating the directories, BAPCO compiles the information to be included in the directory.  This information includes advertising data,

white pages listing data, customer page data and community interest page data. This information is then typed onto photocompositions, which are used to transfer the text to the printing plates. The plates are then used to print the directory.

During the time period in question, BAPCO purchased the photocompositions from an Alabama company, TechSouth. TechSouth got the information from BAPCO and completed page layouts to produce the photocompositions. BAPCO paid the Alabama sales tax on the purchase from TechSouth. The photocompositions were then taken to another company, Steven Graphics, Inc. for use in printing. Steven Graphics, another Alabama/Georgia corporation printed the directories, bound them, and prepared them for distribution. BAPCO included the cost of the photocompositions as part of the cost price of the directories for purposes of paying Tennessee use tax.

The Department of Revenue, (the "Department") conducted an audit of BAPCO in 1997 for the audit period of January 1, 1989 to December 31, 1994. At the conclusion of this audit, the Department issued an assessment for sales and use tax liability against BAPCO in the amount of $125,179.87. During the audit, BAPCO realized that it had not claimed a credit for the sales tax paid in Alabama on the photocompositions and asked the auditor to allow the credit as part of the audit. If allowed, the credit would have been sufficient to offset the tax assessment. The auditor refused and BAPCO filed a claim for a refund with the Department on June 27, 1997.

When the Department denied the claim, BAPCO filed a complaint on August 7, 1997 challenging the assessment and filed a second complaint on March 11, 1998, claiming a refund for the amount of Alabama sales tax paid on the photocompositions. These cases were consolidated in June of 1998. Both parties filed motions for summary judgment in July of 2000. The Clerk and Master of the Davidson County Chancery Court, sitting as a Special Chancellor, granted the Department's motion for summary judgment.

## II.

BAPCO raises three issues in this appeal: (1) whether the trial court erred in granting summary judgment to the Department; (2) whether the trial court erred in denying BAPCO summary judgment; and (3) whether the Department's refusal to allow a credit violates the Commerce Clause of the federal Constitution by discriminating against BAPCO as an out-of-state vendor.

Upon review of a grant of summary judgment, this Court must determine whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). As this inquiry involves purely a question of law, our review is *de novo* without a presumption of correctness. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Summary judgments are appropriate only where there is no genuine issue of material fact relevant to the claim or defense contained in the motion and the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See* Tenn. R. Civ. P. 56.03; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Courts reviewing summary judgments must

view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993).

The trial court filed a Memorandum Opinion granting the Department's motion. In this memorandum, the Special Chancellor stated that "the cost of the Alabama photocompositions must be included in the cost price because of unambiguous direction from the legislature." The trial court then stated that "[t]he use tax is not a tax 'like' the sales tax assessed upon the purchase of photocompositions in Alabama. Alabama did not tax the distribution of the directories or even the whole cost of the directories . . . . Neither is this double taxation since the Commissioner has not taxed the photocompositions."

BAPCO argues on appeal that it is double taxation for Tennessee to tax the full cost of the directories when a portion of the directories, the photocompositions, was already taxed in Alabama. Therefore, they argue they are entitled to a refund for the amount of tax paid in Alabama.

Items that are purchased in other states are taxed in Tennessee under Tenn. Code Ann. § 67-6-203 which states, "A tax is levied at the rate of six percent (6%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided, that there shall be no duplication of the tax." Tenn. Code Ann. § 67-6-203(a). The cost price is defined as, "the actual cost of articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor, or service costs, transportation charges, or any expenses whatsoever." Tenn. Code Ann. § 67-6-102(6). When an individual has paid "a like tax" in another state on tangible personal property, there is no tax due for the "use, consumption, distribution or storage of tangible personal property" in Tennessee. Tenn. Code Ann. § 67-6-507(a).

We agree with the Special Chancellor that BAPCO is not entitled to a credit for the sales tax paid on the photocompositions in Alabama. Exemptions in tax statutes are strictly construed against the taxpayer. *Kingsport Publishing Corp. v. Olsen*, 667 S.W.2d 745 (Tenn. 1984). Any well founded doubt is fatal to the claim. *Id.*; *Woods v. General Oils, Inc.*, 558 S.W.2d 433 (Tenn. 1977). The exemption in this case applies to the "use, consumption, distribution or storage of <u>tangible personal property</u> for use or consumption in this state, upon which a like tax equal to greater than the amount imposed by this chapter has been paid in another state." (Emphasis added). The directories are the tangible personal property taxed in this state, but a like tax has not been paid <u>on the directories</u> in another state. Therefore, the exemption does not apply in this case, and the use tax on the directories is not a duplication of the tax paid to Alabama.

In a similar case the Florida Court of Appeals disallowed an exemption for sales taxes paid in Georgia on lithographic plates used to print telephone directories which were then distributed in Florida. The Court held that under a statute remarkably similar to Tenn. Code Ann. § 67-6-507(a) "Florida is not taxing the use of the plates." *See Ruralist Press, Inc. v. Florida Department of Banking and Finance*, 429 So.2d 1270, 1271 (Fla. Dist. Ct. App. 1983).

In *Kingsport Publishing Corp. v. Olsen*, 667 S.W.2d 745 (Tenn. 1984), the Court dealt with the exemption from use taxes of tangible personal property which becomes a component part of property for resale. The property for which the exemption was claimed included graphs and charts purchased for use in illustrating news stories. But the charts themselves were not incorporated into the newspaper; they were transferred photographically onto the printed page. Therefore, strictly construing the exemption statute, the Court held that to come within the exemption the property had to be physically incorporated into the finished product.

We think this case is analogous to *Kingsport Publishing*. To come within the exemption described in Tenn. Code Ann. § 67-6-507(a) the property must be the same property on which a tax is paid in another state. The directories are not the same as the photo compositions. We, therefore, dismiss BAPCO's first two issues.

IV.

BAPCO also argues that Tennessee's use tax violates the Commerce Clause of the United States Constitution because it discriminates against out-of-state vendors. The Commerce Clause "forbids a state from imposing a heavier use tax burden on out-of-state businesses engaging in interstate commerce than that imposed on its own residents." 68 Am. Jur. 2d *Sales and Use Taxes* § 190 (2000). BAPCO contends that an out-of-state vendor is treated differently than an in-state vendor with regard to the use tax. BAPCO points to the fact that they, as out-of-state vendors, have to pay sales tax on the photocompositions and directories, while an in-state vendor would not have to pay tax on the photocompositions under the Tennessee tax scheme.

It is true that Tennessee would exempt from the sales or use tax the purchase of photcompositions in Tennessee for use in the printing process. Tenn. Code Ann. § 67-6-102(24)(E)(iii). Alabama taxes the sale or use of such photocompositions. Therefore, directories produced in Alabama would have a slightly higher "cost price" than directories produced entirely in Tennessee because the Alabama tax is included in the cost of the Alabama directories.

We believe that in claiming a Commerce Clause violation BAPCO is misinterpreting the Commerce Clause requirements. The Commerce Clause requires that a state not charge more tax or give extra exemptions to in-state vendors than to out-of state vendors. In this case, BAPCO is subject to the same impositions statute, Tenn. Code Ann. § 67-6-203, which imposes a use tax for tangible personal property that "is not sold but is used, consumed, distributed or stored for use or consumption in this state . . . ." Therefore, both an in-state vendor and an out-of-state vendor are charged the same use tax based on the "cost price" of the tangible personal property. In addition, an out-of-state vendor who purchased photocompositions in Tennessee is exempt from sales or use tax just like an in-state vendor. The fact that Alabama imposes a tax that drives up the cost of the goods or services used in assembling the directories cannot be labeled Tennessee discrimination.

The Commerce Clause does not mean that different states cannot have different tax structures that exempt certain items from taxation or tax certain items. Rather, the Commerce Clause requires

that states treat in-state and out-of-state companies and individuals equally. In *Halliburton Oil Well Cementing Co. v. Reily*, 373 U.S. 64 (1963), the Supreme Court summed up the rule from *Henneford v. Silas Mason Co.*, 300 U.S. 577 (1937), in this manner, "equal treatment for in-state and out-of-state taxpayers similarly situated is the condition precedent for a valid use tax on goods imported from out-of-state." *Halliburton*, 373 U.S. at 70. In *Halliburton*, the Supreme Court found a Commerce Clause violation because Louisiana did not include labor and overhead in the cost price of goods produced in Louisiana while the cost price of goods produced outside Louisiana did include labor and overhead. We would agree that the Louisiana tax discriminated against out-of-state goods. In this case the tax scheme does not discriminate.

Therefore, this issue is without merit.

We affirm the decision of the trial court that BAPCO is not entitled to a refund on use tax paid. Tax the costs of this appeal to the appellant, BellSouth Advertising and Publishing Company.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.